ALBANY,<br>January, 1819.<br>THE PEOPLE<br>v.<br>CHAMPION.

Motion denied.

━━━◆❋◆━━━

THE PEOPLE, *ex relat.* SHAUT, *against* CHAMPION and others,
*Commissioners of Highways of Danube.*

A *mandamus* was issued to the defendants, as commissioners of highways of the town of *Danube*, in the county of *Herkimer*, commanding them to lay out and establish a certain highway described in the writ, or show cause, &c.

The *return* to the *mandamus* stated, that on the 18th of *June*, 1816, on application made by twelve freeholders of the town of *Minden*, in the county of *Montgomery*, to the commissioners of highways, then being, to lay out a certain public highway, &c., the commissioners proceeded to examine and inspect the route of the said road, and upon such inspection, were of opinion that the road was unnecessary, and, thereupon, refused to lay it out. That the said freeholders appealed from the decision of the commissioners to three of the judges of the Court of Common Pleas of the county of *Montgomery*, who, therefore, proceeded to examine the route of the proposed road, and on examination thereof, on the 24th of *June*, 1816, dissented from the decision of the commissioners, and proceeded to lay out the highway, as follows, (describing it,) which de-

Any person<br>conceiving himself aggrieved<br>by the decision<br>of the commissioners of highways, may appeal to three<br>judges of the<br>Court of C. P.<br>of the county.<br>(2 *N. R. L.*<br>282. 36 sess.<br>ch. 33. s. 36.)<br>Where the<br>commissioners<br>of highways,<br>on due application, refuse<br>to lay out a<br>road, and their<br>determination<br>is reversed on<br>*appeal,* the<br>*judges* of the<br>C. P. may proceed to lay out<br>the road; and<br>if the commissioners refuse<br>to open the<br>road so laid<br>out by the<br>judges, a *man-<br>damus* lies.

A *mandamus* need not, in the first instance, be directed to. the commissioners by their individual names ; it is only in case of disobedience to the writ, that they are to be proceeded against *personally*. The *relator*, or party prosecuting a *mandamus*, may *demur* to the return to the writ.

cision, &c., was recorded in the office of the clerk of the town of *Minden*, on the 27th of *June*. That by an act of the legislature, passed *April* 7, 1817, a part of the town of *Minden* was annexed to the county of *Herkimer*, and formed into a separate town by the name of *Danube ;* that the whole of that part of the former town of *Minden*, in which the proposed highway is situated, is in the present town of *Danube*. That application had been made to the defendants to order the highway, so laid out and established by the judges of the Court of C. P. of *Montgomery*, to be opened for public use, which the defendants refused to do, insisting that they were not bound by law to open or order the said road to be opened, because, as they allege, the judges of the Court of C. P. had no authority, upon the appeal to them, to lay out the road and have it recorded, &c.

To this return there was a *demurrer*, and joinder in demurrer.

*Cady*, for the defendants, objected, that it was irregular for the *relator* to demur to the return. The object of the statute, relative to proceedings on writs of *mandamus*, &c. (9 *Anne*, ch. 20. 1 *N. R. L.* 107. sess. 11. ch. 11. s. 2.) was to expedite the proceedings where the officer holds only for a year ; and to supersede the necessity of bringing an action on the case for a false return. It says, that " it shall and may be lawful, to and for the person, or persons, suing or prosecuting such writ of mandamus, to *plead* to, or *traverse* all or any of the material facts contained within the return, to which the person or persons making such return, shall reply, take issue, or *demur.*" The object is merely to obtain a *peremptory* mandamus ; and the demurrer admits all the facts stated in the return.

*Spencer* J. we will hear the demurrer argued, and consider of this objection afterwards.

*Ford*, in support of the demurrer. Every material fact stated in the return is admitted by the demurrer ; and the only question is, whether the judges of the Court of C. P. of *Herkimer* had authority to lay out and record the road, on the *appeal* to them from the decision of the commissioners of

highways. The 16th section of the *act to regulate high-*
mode of laying out roads through improved or cultivated
son, or persons, shall conceive himself, or themselves, ag-
grieved by the determination of the commissioners of high-
ways, either in laying out, altering, or discontinuing, or in
refusing to lay out, alter, or discontinue, any road, it shall
be lawful for such person, or persons, within forty days there-
after, to appeal to any three judges of the Court of Common
Pleas for the county in which such road is situated," &c.
" and their decision, or that of any two of them, shall be
conclusive in the premises." The 37th section declares,
" That no road which has been fixed by the decision of the
commissioners on appeal," &c. shall be taken up or altered,
but by the order of the same judges, or such of them as do
continue in commission, joined with such other judge or
judges as will make three, &c. The 39th section directs
the owner of the land to remove his fences, within *sixty*
days after notice, *provided* the determination of the com-
missioner shall not have been appealed from ; and, in case
of appeal, then sixty days notice shall be given after the
decision of such appeal. There is no provision that the
commissioners are to lay out the road, after the judges have
decided on the appeal ; and though the act is silent as to
its being done by the judges, the fair construction is, that
they have the power.

*Cady,* contra. The act of 1801, (1 *K. & R. N. R. L.*
389.) did not extend to private roads ; but the act of *March*
19, 1813, extends to private roads as well as to public high-
ways. In regard to a public highway, no individual can
be so aggrieved as to give him a right of appeal. The
party aggrieved ought to specify his grievance, and the spe-
cial ground of grievance ought to be set forth.

There is nothing in the act which gives the judges of the
C. P. of the county, any other power than to affirm or re-
verse the order of the commissioners ; they cannot have
the power of laying out the road, by implication. Again ;
in *March* next, these defendants will be out of office. A

peremptory *mandamus* to them can be of no use. They cannot lay out and open a road in winter, or before *March.* The law does not allow private fields to be opened, between the 1st of *November* and the 1st of *April.* A peremptory mandamus, now, will be nugatory. The relator should have moved for a peremptory mandamus, immediately, and in the first instance.

*Ford,* in reply. It is enough if any person *thinks* himself aggrieved, to give him the right of appeal. He must judge of that fact; and if he fails to show that he is aggrieved, he must pay costs. The defendants are now in office. They are not to make the road, but merely to *open* it. After it is ordered to be opened, the overseers are to have it worked. Besides, a *peremptory* mandamus may be directed to their successors, or the commissioners in office, whoever they may be.

SPENCER, J. delivered the opinion of the Court. The principal question in this cause is, whether, after an application to the Commissioners, according to law, to lay out a road, and their refusal to do so, and on an appeal to three Judges of the Court of Common Pleas, they reverse the decision of the Commissioners, it is lawful for the Judges to proceed and lay out the road. If it is, then a peremptory mandamus must go.

The 36th section of the act to regulate highways, (2 *N. R. L.* 282.) gives the right of appeal to any person who shall conceive himself aggrieved by the determination of the Commissioners, either in laying out, altering, or discontinuing, or in refusing to lay out, alter, or discontinue any road, and it declares their decision, or that of any two of them, to be conclusive in the premises. The 37th section enacts, that no road which has been fixed by the decision of the Judges, on an appeal, shall be taken up, or altered, but by the order of the Judges. The act, (40th sess. ch. 43.) makes some immaterial alterations as to the time of appeal. It cannot admit of a doubt, that any person may appeal, whether he be, in fact, aggrieved or not. It satisfies the statute, if he conceives himself to be aggrieved. It is equally clear, that

the power of the Judges extends to hearing appeals, where. the Commissioners, as in this case, refuse to lay out a road; and, construing the 36th and 37th sections together, the Judges have the power, in cases where the Commissioners refuse to lay out a road, to lay it out themselves. This power results from a want of any provision in the act, requiring the Commissioners to lay it out, after the Judges have decided, and from the provisions of the 37th section already mentioned.

ALBANY,
January, 1819.

THE PEOPLE
v.
CHAMPION.

The *mandamus* then must go, unless the formal objections are valid. It has been urged, that, *non constat,* the Commissioners to whom the *alternative mandamus was* directed, are now in office; and that, if they are not, the peremptory *mandamus* will be unavailing. It was not necessary, in the first instance, to issue the writ to any persons, by name; for this is not a proceeding against any individual, until an attachment issues. The *relator* might omit the names and proceed against the Commissioners of the town, whoever they may be; and if, as Commissioners, they disobeyed our mandate, they would incur a personal responsibility.

It is objected, that under the statute, (1 *N. R. L.* 107.) the *relator* cannot demur to the return to the mandamus, and that his course is, where the return admits the facts warranting a peremptory *mandamus,* to move for that writ at once. But, this objection is made with an ill grace, after a joinder in demurrer. The act provides, that when a return shall be made to a *mandamus,* it shall be lawful for the person suing or prosecuting such writ, to plead to, or traverse all, or any of the material facts contained within the return, to which the person making the return shall reply, take issue, or demur; and if a verdict shall be found for the person suing out the writ, or judgment be given for him upon demurrer, &c. he shall recover his damages and costs.

This authorizes the party prosecuting, to demur; for a demurrer is a plea, and it would be absurd to require a traverse of the return, when the facts are truly stated. We ought to encourage and promote this method of testing the validity of a return, for, if either party is dissatisfied with the judgment of this Court, he has his remedy on the record, by a writ of error. The plaintiff must have judg-

ment, which will authorize the issuing a peremptory *man-damus* to the Commissioners, by name, or to them merely as Commissioners. Whether he can execute a writ of inquiry under the statute, and recover his costs, are questions not now before the court. It is, however, certain, that no costs can be recovered, unless damages are found. (2 *Str.* 1051.)

Judgment for plaintiff, and a peremptory *mandamus.*