THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN W. WOOSTER, Respondent, v. EDWARD A. MAHER, Mayor of the City of Albany, Appellant.

*Municipal corporations* — mandamus *requiring a mayor to remove a porch projecting into a street* — *expiration of the term of office of the mayor proceeded against* — *Laws of* 1883, *chap.* 298; 1888, *chap.* 398.

An ordinance of the city of Albany contained the following section: "If any building now erected, or hereafter to be erected, shall stand upon or project beyond the range of the street, the city engineer shall, upon receipt of written directions from the mayor, send written notice thereof to the owner or person erecting or maintaining the same, who shall within ten days remove said building," etc.

The porch of an academy upon a street in said city, having been found to project unlawfully into the street, the common council of the city of Albany, made, by the city charter commissioners of highways, with power to prevent and remove encroachments upon the public streets, in 1889 passed a resolution, which became a law, requesting the mayor to direct the city engineer to send a written notice to the owners of the academy requiring them to remove the porch, and, in case of their neglect or refusal to do so, to cause its removal according to the charter.

The mayor, who was required by the charter to be vigilant and active in requiring ordinances to be enforced, refused to act under this resolution. An alternative *mandamus*, thereupon issued at the suit of an adjacent landowner injured by the existence of the porch, and upon the return thereto a final order, requiring the removal of the porch, was made against the mayor's successor in office, the original defendant having gone out of office.

*Held,* that after the common council had passed the resolution it was no longer discretionary with the mayor whether or not he would act in the matter, and that a *mandamus* was a proper means to compel him to send the written directions to the city engineer, contemplated by the statute.

That as it appeared from the charter that the functions of the mayor were continuous and did not end with an official term, and as the writ was sought to

secure a public improvement and the performance of a public duty, the writ would be regarded as having issued against the mayor of the city of Albany, and not simply against the person who was the incumbent of that office when the proceeding was commenced.

That, consequently, the mayor of Albany would be deemed to be still before the court, and the writ would operate upon the office, and consequently upon the person who held it.

APPEAL by Edward A. Maher, Mayor of the City of Albany, from an order of the Supreme Court, entered, after a trial by the court at the Albany Circuit, in the clerk's office of Albany county on the 25th day of November, 1891, commanding him, upon receipt of a peremptory writ of *mandamus*, to send written directions to the city engineer of the city of Albany to send written notice to the owners of the Albany Female Academy to remove a certain porch of said academy which projected into North Pearl street, in the city of Albany, with notice of an intention of bringing up for review upon the appeal the order for an alternative writ of *mandamus*, said writ, the verdict, report and decision, the final order directing a peremptory writ to issue, and the judgment for costs.

*Matthew Hale*, for the appellant.

*Franklin M. Danaher*, for the respondent.

MAYHAM, P. J.:

On the petition of the relator a writ of alternative *mandamus* was issued, reciting that the defendant being mayor of the city of Albany, and having the power and duty in the premises, has unjustly refused, after due demand made upon him, to cause a certain obstruction in North Pearl street to be removed pursuant to section 10 of title 13 of chapter 298 of the Laws of 1883, as amended by chapter 398 of the Laws of 1888, and requiring the defendant, on the receipt of the writ, to send written directions to the city engineer of the city of Albany to send written notice to the owner or person who erected, or who is now maintaining the porch or building in question, within ten days to remove said porch or building under and pursuant to the provisions of the acts above referred to, or show cause why the command of said writ ought not to be obeyed.

The defendant answered such alternative writ and admits that the Albany Female Academy, a domestic corporation, has erected and now maintains a building, porch or portico, which stands upon and projects thirteen feet easterly from the front of the building of the store adjoining thereto occupied by the relator, but as to whether such erection and maintenance by the said Albany Female Academy is unlawful, and as to whether the said porch or portico projects thirteen feet beyond the range of the west side of North Pearl street as laid out, and whether the same is a public nuisance, or whether the same causes loss, inconvenience or damage to the relator in his business, the defendant denies any knowledge sufficient to form a belief.

The answer also alleges that the Female Academy has maintained this building and portico, as described in the alternative writ of *mandamus*, for more than forty years in its present condition, and has, as against the city of Albany, acquired by prescription and long user a right to maintain such building and portico in its present location.

The defendant, by his answer, admits that he is mayor of the city of Albany, but denies that he has the power and duty of giving directions to the city engineer as stated in the alternative writ of *mandamus*. The issue, joined by the alternative writ and answer, was tried by the court, a jury having been waived by the parties, and the court ordered a peremptory writ of *mandamus* to issue, and from the judgment and order the defendant appeals. The case discloses that before the trial the official term of Edward A. Maher, as mayor of the city of Albany, had expired by its own limitation and his successor had been chosen and qualified, but had not, by any order of court, been substituted as defendant in this action. The appellant insists that the statute under which the relator prosecuted this action does not justify the court in granting a writ of *mandamus* against the mayor to compel him to give a written notice to the city engineer, under section 10 of title 13 of chapter 398 of the Laws of 1888. That section is as follows: "If any building now erected or hereafter to be erected shall stand upon or project beyond the range of the street, the city engineer shall, upon receipt of written directions from the mayor, send written notice thereof to the owner or person erecting or maintaining the same, who shall within ten days remove said building," etc.

It is insisted that this statute imposes no absolute duty upon the mayor, and that it is a matter resting in the discretion of that officer whether or not he will require, by written direction from him, the engineer to give the written notice to the owner or person erecting or maintaining an encroachment beyond the line of the street, and that there is no power in the court to compel the mayor to give such direction or to set in motion the exercise of that discretion on the part of the mayor, and that the mandatory power of the court cannot be invoked to compel the performance of a discretionary act; and that proposition seems in the abstract to be sound, both upon principle and authority.

If the court can control the exercise of a purely discretionary power vested in an executive or administrative officer, then such power would cease to be discretionary in the officer and would vest in the court. The boundary line of discretion must be passed, and the domain of clear, legal, official duty of such officer must be reached before the court can exercise its coercive power to compel a ministerial, executive or administrative officer to act.

In *People ex rel. Demarest* v. *Fairchild, Attorney-General* (67 N. Y., 336) the relator sought by *mandamus* to compel the Attorney-General to bring an action in the nature of a *quo warranto* to test the title to an office. ALLEN, J., in delivering the opinion of the court says: " The control over the action and the right to bring it is with the Attorney-General, and the courts cannot sit in judgment upon the exercise of his discretion or coerce his action." So, also, in *People ex rel. Hammond* v. *Leonard, Overseer* (74 N. Y., 443) CHURCH, Ch. J., says; " While a *mandamus* is an appropriate remedy to enforce the performance of a ministerial duty, it is well settled that it will not be awarded to compel an act in respect to which the officer may exercise judgment or discretion."

But the respondent, in answer to this contention of the appellant, insists that the duty of the mayor was not discretionary, but peremptory — a duty imposed upon him as the chief executive officer of the city by statute ; and that by not giving the direction to the engineer referred to in section 10 of title 13 of chapter 398 of the Laws of 1888 above referred to, he failed in the performance of this statutory requirement and duty, and thereby subjected himself to the coercive mandate of this court. The statute relied upon by the relator in

support of this contention is section 9 of title 4 of chapter 298 of the Laws of 1883, which in part defines the powers and duties of the mayor of the city of Albany. In defining the powers and duties of the mayor that section provides that he shall "be vigilant and active in causing the ordinances of the city and laws of the State to be executed and enforced, and the affairs of the city to be well and economically administered."

This section also gives the mayor right to exercise a sort of supervision over other and subordinate officers, and to suspend them for non-performance of official duties. Section 17 of the same title provides that "He shall perform all such duties as may be prescribed for him by city ordinances and the laws of the State, and be responsible for the good and efficient government of the city."

Section 14 of the same title makes the common council commissioners of highways, with powers to prevent and remove encroachments upon the public streets; and by section 9 of title 3 of the same act, an ordinance of the common council, passed in pursuance of the charter, becomes binding in ten days after its passage without the signature of the mayor. On the 21st of January, 1889, the common council of the city of Albany referred to the law department of that body a resolution as follows:

"*Resolved*, That the mayor be, and he is hereby, requested to direct the City Engineer to send a written notice to the Trustees of the Albany Female Academy to remove the porch to the building owned by them which projects beyond the range of North Pearl street on the west side thereof, between Maiden Lane and Steuben street, and in case of their neglect or refusal to remove the same, to cause such removal to be made pursuant to section 10 of title 13 of chapter 298 of the Laws of 1883, as amended by chapter 398 of the Laws of 1888."

The law committee of the board of common council reported favorably on such resolution and recommended its passage, and the 15th day of April, 1889, the common council duly adopted such resolution.

While it is true that section 10 of title 13 of chapter 298 of the Laws of 1883, as amended by chapter 398 of the Laws of 1888, does not, in terms, make the action of the mayor in giving the written direction to the city engineer to depend upon the action of the

common council of the city, yet when the common council of the city, under their authority as commissioners of highways, coupled with their legislative authority to pass a city ordinance, do give such direction which, by the lapse of ten days, is permitted to become an ordinance, it would seem to follow that the mayor, under the provisions of section 17 of title 4 of chapter 298 of the Laws of 1883, which provides " that he shall perform all such duties as may be prescribed for him by city ordinances and the laws of the State," would be bound to give such order to the engineer. The ordinance having been adopted, it was no longer a discretionary power to be exercised or not according to the volition of the mayor, but became a positive, legal executive duty which may be compelled by *mandamus*.

The appellant also insists that the peremptory writ should not have been granted for the reason that, at the time of granting the same, the official term of Edward A. Maher, as mayor, had expired and his successor had assumed the duties of the office, and that the appellant, as mayor, was *functus officio* and powerless to obey the mandate of the writ. Unless this writ runs against the office of mayor, and not the individual disconnected from the office, this objection is sound and fatal to these proceedings. Clearly, a peremptory *mandamus* could not compel Edward A. Maher, after the expiration of his official term as mayor, to do an act that could by law be done only by the mayor, and direction from him to the engineer would be unofficial and wholly impotent to put the engineer in motion and compel him to serve the written notice on the owner required by the statute. No order of this court could galvanize into life the official functions of mayor in the defendant Maher; once out of office he is powerless to resume his official functions or perform official duties, and the court has no power to rehabilitate him in office or reinvest him with official power. This must be so upon principle, and has been frequently so held upon authority.

In *People ex rel. Gaige* v. *Reardon* (49 Hun, 426), the court held : " The board of inspectors (of election), upon making and filing its certificate, had fully discharged its official duty, and, therefore, became *functus officio* as a board. A writ directed to them would be of no effect, since they could not legally again convene as a body and undo the acts done at a prior time and when in the proper discharge of official duty."

In *People ex rel. Bailey* v. *Supervisors of Greene County* (12 Barb., 222), HARRIS, J., in discussing the power of the court to compel by *mandamus* the performance of an official act when the body or officer sought to be compelled to act is out of office, uses this language : " But when the board having performed the office for which it was constituted, whether legally or not, has been dissolved, it is incapable of being reanimated. Any act it should attempt to perform, even though it be done in obedience to the mandate of this court, would be extra official and nugatory." In *People ex rel. Stevens* v. *Hayt* (66 N. Y., 607), the Court of Appeals, in discussing the power of the court to grant a writ of *mandamus* and its effect upon the board or officer sought to be commanded, uses this language and adopts this rule : " First, that to entitle a relator to the writ, he must show himself legally and equitably entitled to some right properly the subject of the writ, and that it is legally demandable from the person to whom the writ must be directed ; also that such person still has it in his power to perform the duty required."

Further citations of authority upon this subject are unnecessary, and it remains for us to examine whether this writ can be held to have been directed to the Mayor of Albany, or to Edward A. Maher. If to the latter, then, as we have seen, the writ cannot be upheld. If to the former, then change of the incumbency of the office would leave its mandate to operate on the incumbent as mayor, whoever he may be, and the writ, so far as the question now under consideration is concerned, can be upheld.

By section 1 of title 4 of chapter 298 of the Laws of 1883, the mayor is made the chief executive officer of the city of Albany, and sections 6, 7 and 8 of that title provides for the succession of the executive functions, in case of death, removal from office or the expiration of the term of the incumbent of that office.

From these provisions it appears that official functions vested in the mayor are continuous, and do not terminate with the end of the official term of any incumbent.

If, therefore, this action can be held to have been prosecuted against the mayor, a change in the incumbency of that office would not terminate the action or the effect of the writ, but the same would continue to operate upon the office, and the duties and obligations imposed by it would attach to the in-coming incumbent and acting mayor.

In determining whether the writ operates upon the office through the incumbent, or only on the incumbent, it is important to consider whether the duty enjoined would be incumbent on the successor in office. If it would, then it would seem that it is the performance of the official duty that is commanded to be performed without regard to the name of the incumbent, and in such case the writ may proceed against the office by name without the name of the incumbent appearing in the proceedings.

In the case of the *People ex rel. Shaut* v. *Champion and Others, Commissioners of Highways* (16 Johns., 61) SPENCER, J., in delivering the opinion of the court, says: "It has been urged, that, *non constat*, the commissioners to whom the alternative *mandamus* was directed are now in office; and that if they are not, the *peremptory mandamus* will be unavailing. It was not necessary, in the first instance, to issue the writ to any persons by name, for this is not a proceeding against any individual until an attachment issues. The relator might omit the names and proceed against the commissioners of the town, whoever they may be, and if, as commissioners, they disobeyed our mandate they would incur a personal responsibility."

In the case of the *People ex rel. Case* v. *Collins and Others, Commissioners of Highways* (19 Wend., 56), it was held that a *mandamus* to the defendant's commissioners of highways to open and work a road will be granted without regard to the near approach of the expiration of their offices. When the terms of office expire their successors must obey the command of the writ, and the court says: "The obligation sought to be enforced devolves on no particular set of commissioners, and no right is in question which will expire within the year. The duty is perpetual upon the present commissioners of Smyrna and their successors, and the peremptory writ may be directed to, and enforced upon the commissioners of the town generally. To say otherwise would be a sacrifice of substance to mere form." These cases seem to have been approved and followed not only in this State, but in many of the sister States and in the Federal courts.

In the *People ex rel. Scott* v. *The Supervisors of Chenango County* (4 Seld., 317), it was held that when the supervisors neglected to perform the duty of levying the military tax required by statute, a *mandamus* would lie to compel them to reconvene and

perform that duty; and WILLARD, J., in pronouncing the opinion of the court, uses this language: "Their neglect to perform their duty at the time required cannot nullify the statute. They or their successors are bound to do what was required, and on failure to perform it may be compelled by *mandamus*."

In *Thompson* v. *United States* (103 U. S., 408), the court says: "But we cannot accede to the proposition that proceedings in *mandamus* abate by the expiration of the term of office of the defendant, where, as in this case, there is a continuing duty irrespective of the incumbent and the proceeding is undertaken to enforce an obligation of the corporation or municipality to which the office is attached. The contrary has been held by very high authority," citing 16 Johnson, 61, and 19 Wendell, 56 (*supra*).

But it is urged that in the cases above cited some public or municipal duty was involved, and not one personal to the officer, and that in that particular those cases are distinguishable from the one at bar. In the leading cases to which reference has been made, the commissioners of highways refused to carry out an order made by commissioners on appeal directing them to cause the highway to be opened and worked.

Without obedience to that order by the commissioners the alleged public improvement could not be completed.

In the case at bar the common council by an ordinance requested the mayor to direct the engineer to notify the owners to remove the alleged encroaching portico. Without the giving of such notice the commissioners or common council were under the law powerless to make the alleged public improvement in removing this portico. Both are claimed to be public duties which cannot be accomplished but by the active operation of the public officers charged with the performance of the alleged duty. The alleged duties in both cases were continuous, and could be performed by the then incumbents of the office or by their successors in office.

Nor do I see how the present incumbent can be injured or damaged by these proceedings being continued against him as the present incumbent of the office into which he has been inducted as the successor of Mayor Maher, or how he can claim immunity from the operation of this writ by reason of any assertion of want of notice or knowledge of these proceedings. The new incumbent

of an office assumes the duties charged with knowledge of the official acts of his predecessor, and must take up and complete the unfinished business of his predecessor, whether they be official, financial obligations of the municipality or official legal controversies in which it may be involved.

We are, therefore, inclined to the opinion that, under the authorities, the mayor of Albany may be regarded as before the court in these proceedings, and that the peremptory *mandamus* must be regarded as operating upon the office in the possession of the present incumbent. We have examined the various questions raised by the appellant upon the admission and rejection of evidence on the trial, and the exceptions taken by the defendant to findings and refusals to find by the learned court, and find no error for which this writ should be quashed or judgment reversed.

Order and writ of *mandamus* confirmed, but without costs to either party as against the other of this appeal.

PUTNAM, J., concurred; HERRICK, J., not acting.

Order for writ of peremptory *mandamus* affirmed, without costs to either party as against the other.