Van Brunt, P. J., and Follett, J., concurred.

Judgment affirmed, with costs.

---

Charles Meyers, as Administrator, etc., of Charles Meyers, Deceased, Respondent, *v.* The Mayor, Aldermen and Commonalty of the City and County of New York, Appellant.

" *Inspector of regulating and grading streets* " *in New York city — not a public officer — discharge of, from employment — application of chapter* 119 *of the Laws* of 1888, *in reference to veteran soldiers and sailors.*

There is no such public office as that of "inspector of regulating and grading streets " in the city of New York, and a person who holds such a position, at daily wages, is merely an employee of the city, and is liable to removal as such.

When the services of such an employee are dispensed with by the officer who employed him, and who has the power to continue or to cease to employ him, his right to pay ceases, and it is immaterial that the notification that his services are dispensed with states that he is " suspended."

*Semble*, that such an employee does not hold a "position by appointment," and that his daily wages are not a "salary," and, hence, that he does not come within the terms of chapter 119 of the Laws of 1888, which prohibit the removal of honorably discharged soldiers and sailors "holding a position by appointment in any city or county of this State, receiving a salary," except for cause shown after a hearing had.

That even if such an employee was within the terms of said act of 1888, he was not entitled to recover pay from the city while unemployed by it, although he might have been wrongfully removed or suspended by the commissioner of public works.

APPEAL by the defendant, the Mayor, Aldermen and Commonalty of the city of New York, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 13th day of February, 1893, upon a verdict in favor of the plaintiff, rendered by direction of the court at the New York Circuit.

The plaintiff's intestate served in the United States navy from 1857 to March 15, 1864, when he was honorably discharged. In October, 1886, he was employed by the department of public works as an inspector of regulating and grading the streets of the city, at the rate of three dollars per day, and continued to act in that capacity until April 6, 1889, when he was suspended by the commissioner of public works by a communication of which the following is a copy : "You are hereby suspended from the position of inspector of grading, etc., in this department, without pay from this date." He received his pay to April 6, 1889, and afterwards from time to time reported to the department that he was ready and willing to discharge the duties of the place until July 11, 1889, when he sent to the department a formal resignation of the position. Between April 6 and July 11, 1889, another person discharged the duties which the intestate had previously discharged, and on the same work, and it appears that during this time the decedent was not employed by the department; that he sought other work and was unable to find employment. Between these dates there were seventy-eight working days, the wages for which amounted to $234, to recover which, with interest, this action was brought, and for which sum a verdict was directed, and on which a judgment was entered.

This action has been twice tried. On the the first trial, in March, 1891, the complaint was dismissed and a judgment entered, which

was reversed by this court in May, 1892. (46 N. Y. St. Repr. 130.) In June following Meyers died. and afterwards letters of administration were duly issued on his estate to the present plaintiff, in whose name this action was duly revived and continued. On the second trial the evidence taken on the first was read, no other or additional evidence being received or offered.

*William A. Sweetzer*, for the appellant.

*William W. Jenks*, for the respondent.

FOLLETT, J. :

A public officer cannot, without his assent and in the absence of statutory authority, be deprived of the salary attached to his office by being suspended or prevented by his official superiors from temporarily discharging the duties of his office. So long as he remains a public officer his right to the salary attached to the office exists. Nothing short of removal from or abandonment of his office bars this right. (*Gregory* v. *The Mayor*, 113 N. Y. 416.)

The view we take of this case renders it unnecessary to determine whether the power to remove an officer includes the power of suspending him. For a discussion of this question see *Gregory* v. *The Mayor* (*supra*), and *Emmitt* v. *The Mayor* (128 N. Y. 117), and the cases cited in Throop on Public Officers, sections 401 to 406, inclusive.

The right of the plaintiff to recover depends upon whether his intestate was a public officer of the city or a mere employee of the department of public works. In this State public offices can be created only by the law-making power — the Legislature, or by some public body or board to which the power to make local laws or regulations has been delegated, pursuant to the Constitution. No such office as inspector of regulating and grading the streets in the city of New York has been created by the statutes of this State, nor by any law or ordinance of any public board or body authorized to legislate for the city in respect to its local affairs. Such an office is not mentioned in the Consolidation Act (Chap. 410, Laws of 1882), nor do we find any authority therein for the creation of such an office by any board or body existing by virtue of that act. Moreover, the evidence does not show that any body, board or officer has attempted to establish such an office.

Section 54 of the Consolidation Act provides : " Every person

elected or appointed to any office under the city government shall, within five days after notice of such election or appointment, take and subscribe, before the mayor or any judge of a court of record, an oath or affirmation faithfully to perform the duties of his office; which oath or affirmation shall be filed in the office of the mayor."

The burden of showing that the decedent held a public office was on the plaintiff, and there is no evidence that the intestate took an official oath. A person designated and employed as foreman of a street-cleaning gang could claim with as much propriety as the decedent to be a public officer. We have not failed to note the cases in which excise inspectors (*Gregory* v. *The Mayor*, 113 N. Y. 416), inspectors of masonry (*Emmitt* v. *The Mayor*, 128 id. 117), court attendants (*Rowland* v. *The Mayor*, 83 id. 372), and various other persons occupying positions in the courts, or in the departments of the State or city governments, have been held to be public officers; but in all those cases the position occupied was created and existed by force of some statute, or local ordinance having the force of a statute.

The plaintiff's intestate was not a public officer, but a mere employee of the department of public works, serving for daily wages at the rate of three dollars for each day's service. When the officer who employed him, and had the power to continue or to cease to employ him, refused to permit him longer to render service, his right to wages was terminated. It makes no difference in what language the refusal is expressed. When his services were dispensed with, his right to pay ceased. We are unable to see any good reason why a person whose services are no longer desired is "suspended," instead of being discharged, and why the custom prevails, unless it is "keep the word of promise to our ear and break it to our hope," is difficult to understand. This practice has caused a multitude of actions against the city.

Chapter 119, Laws of 1888, provides: "No person holding a position by appointment in any city or county of this state, receiving a salary from such city or county (unless he has been appointed for a definite term), who is an honorably-discharged soldier, sailor or marine, having served as such in the Union army or navy during the War of the Rebellion, shall be removed from such position except for cause shown after a hearing had."

The intestate held no "position by appointment," and he was compensated for his labor by daily wages, but not by "receiving a salary," and he is not within the statute. Salary differs from wages and denotes a higher degree of employment. The term "wages" indicates inconsiderable pay, without excluding salary, which is suggestive of a larger compensation for more important service. The contention that a person employed by the city by the day, who has served in the army, cannot be discharged, or his services dispensed with "except for cause shown after a hearing had," derives no support from the language or intent of the statute quoted. But admitting that the terms of the employment of the intestate brought him within the act, he was not entitled to pay from the city while unemployed, though wrongfully removed or suspended by the commissioner of public works. (*Higgins* v. *The Mayor*, 131 N. Y. 128.)

When this case was before this court on a former appeal, the question whether the then plaintiff was a public officer or a mere employee of the city, was not presented to nor considered by the court. However, that decision in so far as it conflicts with this judgment, is overruled.

The judgment should be reversed, and as under no circumstances can the plaintiff recover, the complaint should be dismissed, with costs.

Van Brunt, P. J., and Barrett, J., concurred.

Judgment reversed, and complaint dismissed, with costs.