Judgment and order affirmed, with costs. All concur.

---

(13 Misc. Rep. 566.)

### PEOPLE ex rel. COGGEY v. BROOKFIELD.

(Superior Court of New York City, Special Term. July 3, 1895.)

CIVIL SERVICE LAWS—POSITION BY APPOINTMENT.

> A day laborer in the department of public works, receiving two dollars per day, is not within Laws 1892, c. 577, providing that no "person holding a position by appointment, in any city or county * * * receiving a salary," who is a veteran volunteer fireman shall be discharged except for cause shown after hearing had.

Application by Thomas Coggey for writ of mandamus to William Brookfield, commissioner of public works. Denied.

N. A. Alexander, for the motion.
F. M. Scott, opposed.

McADAM, J. The relator was a day laborer in the department of public works, receiving two dollars per day, and on April 26, 1893, was discharged. He claims that his removal was without cause and without a hearing, and that, being a veteran fireman, it was in violation of chapter 577 of the Laws of 1892.

The act provides that:

> "No person holding a position by appointment in any city or county of this state, or who may hereafter be appointed, receiving a salary from such city or county (unless he has been appointed for a definite time), who * * * shall have served the time required by law in the volunteer fire department of any city, town or village in this state, or who shall have been a member thereof at the time of the disbandment of said volunteer department, shall be removed from such position except for cause shown after hearing had."

In Meyers v. City of New York, 69 Hun, 291, 23 N. Y. Supp. 484, Judge Follett, construing the language found in this statute, in reference to an inspector of regulating and grading streets, who received three dollars per day, said, at page 295, 69 Hun, and page 484, 23 N. Y. Supp.:

> "The intestate held no 'position by appointment,' and he was compensated for his labor by daily wages, but not by 'receiving a salary,' and he is not within the statute. Salary differs from wages, and denotes a higher degree of employment. The term 'wages' indicates inconsiderable pay, without excluding salary, which is suggestive of a larger compensation for more important services. The contention that a person employed by the city by the day, who has served in the army, cannot be discharged or his services dispensed with 'except for cause shown after hearing had,' derives no support from the language or intent of the statute quoted."

Judge Andrews, in Sullivan v. Gilroy, Law J. July 3, 1889, affirmed 55 Hun, 285, 8 N. Y. Supp. 401, says:

> "There can be no question that the view taken by the corporation counsel as to the construction of this statute is entirely correct, and that a day laborer

employed as the relator was in repaving the streets is not a person holding a position by appointment in this city, receiving a salary from the city."

See, also, People v. Myers (Sup.) 11 N. Y. Supp. 217; Cane v. Mayor, etc. (Super. N. Y.) infra.

As the act does not apply to day laborers, the application for a mandamus to reinstate the relator must be denied.