### NUTTALL v. SIMIS et al.

(Supreme Court, Appellate Division, Second Department.  June 14, 1898.)

1. OFFICERS—REMOVAL OF VETERAN WITHOUT HEARING.
    The duty of public officers not to remove a veteran without a hearing is strictly ministerial.

2. SAME—TERM OF EMPLOYMENT.
    While the fact that the compensation of a veteran employed at public work was so much a day did not necessarily make his employment wholly transitory in character, and so without the protection of Laws 1888, c. 119, it was otherwise if his employment itself was by the day.

Appeal from trial term, Kings county.

Action by William Nuttall against Adolph Simis and others. From a judgment (47 N. Y. Supp. 1097) in favor of defendants dismissing the complaint and from an order denying a new trial, plaintiff appeals.  Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Horace Graves, for appellant.

John A. Quintard, for respondents.

CULLEN, J.  This action was brought against the defendants individually for having, as commissioners of charities of the county of Kings, illegally discharged or suspended the plaintiff from his employment as tinsmith in the service of that board; the plaintiff being an honorably discharged soldier of the late War.  When the trial was entered upon the plaintiff's counsel admitted that the plaintiff was employed by the day, but claimed that there was continuous work for a tinsmith.  Thereupon the trial court, on motion of the defendants, dismissed the complaint, on the ground that the complaint, as modified by the admission of plaintiff's counsel, did not state facts sufficient to constitute a cause of action.  From the judgment entered on this direction, the plaintiff appeals.

We do not agree with the trial court that the action of the defendants in discharging the plaintiff was either judicial or quasi judicial, because it involved their interpretation of the law on the subject of veteran preferences.  Every one is presumed to know the law.  Of course, every one of sense understands that this is not the fact; that apparently many do not know the law at all; and that no one knows all the law.  But it is necessary that such knowledge should be ascribed to all members of the community; otherwise government could not exist, the law could be violated with impunity, and the greatest ignorance would confer the greatest privilege.  The defendants, in case they should in good faith mistake the law and yet be held liable for its violation, would be in no different or worse position than other citizens.  The duty of public officers not to remove a veteran from his employment without a hearing is strictly ministerial.  It is settled by authority that, where the action of public officers is judicial or quasi judicial, mandamus will lie only to compel the officers to act, not to direct them how to act.  People v. Common Council, 78 N. Y. 33.  But it has been the practice, so com-

mon as not to require the citation of authorities, to restore improperly discharged veterans by mandamus. If the action of the appointing officers was judicial, certiorari would be the remedy.

Nor do we think that the fact that the plaintiff's compensation was so much a day necessarily made him a day laborer, and without the protection of the statute, under the rule held in Meyers v. City of New York, 69 Hun, 291, 23 N. Y. Supp. 487; Wagner v. Collis, 7 App. Div. 203, 40 N. Y. Supp. 171. A position or office may be permanent, and yet compensation be made by the day, week, or month. Until within the last 25 years, legislators of this state were given a per diem compensation. Under the constitution prior to 1846, the same was true of the compensation of the lieutenant governor. This practice also originally obtained in reference to members of congress. But we concede that, to bring the plaintiff's case within the statute of 1888 (chapter 119), the position which he occupied must be one of some permanence, and not wholly temporary or transitory. It was on this view that I acted in 1890, when I granted the relator a writ of alternative mandamus. From the opinion it is apparent that I had before me some resolutions of the board of charities creating a position and appointing the plaintiff to it, for I said there of the plaintiff and another relator:

"Their appointments, by their terms, contemplated some duration of tenure; * ¤ ¤ and there is no reason why a permanent plumber should not be appointed as well as a permanent clerk. At least the board of commissioners determined to have the work so done, and created the position, and as long as the position remains the relators cannot be discharged without a hearing."

But in the present case nothing of the kind appears in the record. On the contrary, there is the direct admission that the employment of the relator (not merely his compensation) was by the day. This admission brings the plaintiff's case within the rule of Meyers v. City of New York, and Wagner v. Collis, supra, and the action cannot be maintained. Since the statute of 1896, a veteran may recover damages from the appointing officers for failing to give him the preference afforded by statute, even in temporary employment, but the acts complained of in this case were before that statute.

The judgment and order appealed from should be affirmed, with costs. All concur.