The People of the State of New York ex rel. William H. Cun-liffe, Appellant, v. J. Sergeant Cram and Others, Commissioners of Docks of the City of New York, Respondents.

*Discharge of a veteran, an inspector of the dock department of the city of New York — when unauthorized.*

An honorably discharged Union soldier who, in October, 1874, entered the employment of the dock department of the city of New York as an expert painter, and in October, 1875, was appointed an inspector of painting and general repairs, and continued to be such up to October, 1894, when he was discharged by a resolution of the dock commissioners, who knew that he was an honorably discharged Union soldier, he being at the time actually employed in supervising a particular piece of work, then uncompleted, and there being other work to be performed by the department of the character of that upon which he had previously been engaged, which, since his discharge, had actually been performed by employees of the department who were not honorably discharged Union soldiers, is entitled to be reinstated under the provisions of chapter 716 of the Laws of 1894.

The effect of the act of 1894 was not merely to bring veterans, when engaged in State work done in cities, within the purview of the general statute; it covers all public works of the cities of the State, whether municipal or governmental, and was intended to extend the protection afforded to veteran appointees by chapter 577 of the Laws of 1892, relating to cities, to all employees, whether in receipt of a definite salary, or compensated for their labor by daily wages.

Chapter 716 of the Laws of 1894 and chapter 577 of the Laws of 1892 are *in pari materia* and should be construed together.

The act of 1892 limited the power of removal of salaried appointees to cause shown after a hearing had, while the act of 1894 limited such "cause" to incompetency and conduct inconsistent with the position.

APPEAL by the relator, William H. Cunliffe, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 25th day of March, 1898, upon the dismissal of an alternative writ of mandamus by direction of the court after a trial at the New York Trial Term, and also from an order entered in said clerk's office on the 23d day of March, 1898, upon which said judgment was entered.

*Robert B. Honeyman,* for the appellant.

*Theodore Connoly,* for the respondents.

BARRETT, J. :

The writ was dismissed at the trial upon the relator's opening, the learned trial judge holding that the allegations of the writ were insufficient to constitute any cause of grievance against the respondents. The relator alleges that he is an honorably discharged Union soldier ; that on or about the 30th day of October, 1874, he entered the employ of the dock department as an expert painter ; that on October 18, 1875, he was appointed also as an inspector of painting and general repairs, and that he continued in the employ of the department up to the 31st day of October, 1894, when he was discharged by a resolution in the following words :

" *Resolved,* That William H. Cunliffe, William C. Rogers and George N. Baker, painters, be and hereby are honorably discharged from the service of this department, to take effect November 1st, 1894, pursuant to the provisions of the Saxton Bill."

The relator also alleges that during the entire period of his employment he was continuously occupied as such employee, and at all times performed his work to the entire satisfaction of the department. The details of his continuous service are fully set forth. He also alleges that at the time of his discharge he was actually employed in supervising a particular piece of work, which would have required for its completion about two weeks more time ; that there was, down to the date of the writ, work to be performed by the department of the character upon which he had previously been engaged ; that since his discharge such work had actually been performed by the department, and that other men who were not honorably discharged Union soldiers had been employed to perform such

work.  He finally alleges that the respondents, when they removed him, knew that he was an honorably discharged Union soldier, and that he personally appeared before the board and demanded reinstatement or re-employment, which was refused.

The facts here averred brought the relator's case within the provisions of chapter 716 of the Laws of 1894.  This act, which was in force at the time when the relator was discharged, in terms embraces all the cities, towns and villages of the State.  It provides that *in all cases* the person having the power of employment or appointment, unless the statute provides for a definite term, shall have the power of removal only for incompetency and conduct inconsistent with the position held by the employee or appointee. The claim is made that, because, at the time of the passage of this act, chapter 577 of the Laws of 1892 was in full force and effect, and this latter chapter in some degree protected veterans holding positions by appointment in cities, it was not intended by the act of 1894 to make further provision for their protection when employed in strictly corporate work, but only to bring them, *when engaged in State work done in cities,* within the purview of the general statute. We see no reason for thus limiting the operation of the general act of 1894.  It is broad enough to cover all public works of the cities of the State, whether municipal or governmental.  It is apparent from the reading of the two acts that the intention was to extend the protection afforded to veteran appointees by the act of 1892, relating to cities, to all employees, whether in the receipt of a definite salary, or compensated for their labor by daily wages.  We quite agree with the respondents that the two acts are *in pari materia* and should be construed together.  But what then?  The act of 1892 merely provides that no person holding a position by appointment, or who may hereafter be appointed, in any city or county of the State, receiving a salary from such city, who is an honorably discharged soldier, shall be removed from such position except for cause shown after a hearing had.  This did not give the veteran any right to preferential appointment or employment.  In securing an appointment or employment he was still upon equal terms with all other citizens.  It was only after he had secured appointment, with a fixed salary, that the act shielded him.  The act of 1894, however, grants to the veteran the full measure of the

people's favor.  Its protection is not limited to a mere shield against removal.  It distinctly and broadly provides for preferential appointment and employment.  It also defines the cause for which alone the veteran, after securing his preferential appointment or employment, can be removed.  The act of 1892 limited the power of removal of salaried appointees to cause shown after a hearing had. The act of 1894 went further and limited such "cause" to incompetency and conduct inconsistent with the position held.  Under the act of 1888 (Chap. 119), which was amended by the act of 1892, it was held that an ordinary employee upon daily wages was not a person holding a position by appointment receiving a salary. (*Meyers* v. *The Mayor*, 69 Hun, 291.)  It was undoubtedly in part to cover such cases, and to extend to all veteran employees the protection there questioned, that the act of 1894 was passed.  In our judgment the latter act covers the whole field of State and municipal service, guaranteeing preferential appointment and employment, together with security of tenure, during competency and good behavior.  It thus supplements and completes the protection afforded by the anterior city acts, and it embraces every form of employment.

It follows that the relator's allegation of employment was sufficient; that no allegation of appointment with a salary was requisite, and that, as the relator was removed for reasons other than those authorized by the act of 1894, the removal was unlawful.  The respondents could only remove him for incompetency and conduct inconsistent with the position held, and the burden of alleging and proving that incompetency and inconsistent conduct was upon them.

The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., RUMSEY, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.