(40 Misc. Rep. 428.)

PEOPLE ex rel. HATCH v. LANTRY, Commissioner of Correction.

(Supreme Court, Special Term, New York County.  April, 1903.)

1. MANDAMUS TO CITY OFFICIAL—ABATEMENT.
    Where a writ of mandamus is brought by an employé of the city to procure his reinstatement by the head of the department after an alleged illegal removal, it does not abate because the head of the department goes out of office.

Application by the people, on the relation of William L. Hatch, for a writ of mandamus against Francis J. Lantry, commissioner of correction of the city of New York.  After the issuance of the writ, the commissioner retired from office, and was succeeded by Thomas W. Hynes.  Motion to substitute Hynes as defendant.  Granted.

James C. Smith (Thomas F. Keogh, of counsel), for relator.
George L. Rives, Corp. Counsel, for defendant.

McCALL, J.  In this case an alternative writ of mandamus was granted against Francis J. Lantry, as commissioner of correction of the city of New York, upon the application of the relator, who asserted that he had been illegally removed from his office as supervising engineer in the department of correction of the city of New York. Since the issuance of said writ, Commissioner Lantry has retired from and has been succeeded in office by Thomas W. Hynes, and the relator, deeming it necessary, as he believes and asserts, under the decision of the Court of Appeals in the case of People ex rel. Broderick v Morton, 156 N. Y. 136, 50 N. E. 791, 41 L. R. A. 231, 66 Am. St. Rep. 547, seeks by this motion to substitute for Commissioner Lantry, respondent, who has retired from office, Commissioner Hynes, the present incumbent.  The question involved herein, to wit, that upon the retirement of Commissioner Lantry the proceeding abated, and that it cannot be continued against Commissioner Hynes, is one that is not by any means free from doubt, owing to the principles announced in People ex rel. Broderick v. Morton, supra, which has seemingly established the law to be that an alternative writ of mandamus cannot be prosecuted after the term of office of the respondent has expired, in a case where the delinquency charged is personal, and does not involve a claim against the state or municipality.  But since that decision was rendered, an opinion has been handed down in the case of People ex rel. Cunliffe v. Cram, 30 Misc. Rep. 561, 63 N. Y. Supp. 1027, wherein the facts are almost identical with those of the case at bar, which squarely takes up the doctrine asserted in the Broderick Case, and distinguishes and differentiates the questions involved in the two cases, and holds that the Broderick Case is not applicable to a case presenting the conditions of the Cunliffe Case. It was forcibly said by Justice Lawrence in the Cunliffe Case, which statement applies with equal force to the case at bar, that in the Broderick Case the "court did not intend to apply the rule laid down to the case of the action of a municipal corporation, or one of the

¶ 1. See Mandamus, vol. 33, Cent. Dig. § 52.

component parts thereof, in the appointment or removal of an officer or employé." But the conclusions reached in the Cunliffe Case seem to go much further than merely holding that the rule laid down in the Broderick Case as to the abatement of proceedings does not apply in cases similar to the one at bar, and practically holds that where a vacancy occurs in an office which is one of the administrative departments of the city corporation, it (the department) being a part and parcel of the corporation, it is not necessary in mandamus proceedings to substitute the successor or successors in office; in fact, it is not even necessary to give him or them actual notice of an intention to continue the proceeding, it being sufficient, in as far as notice goes, if it be requisite at all, to notify the corporation counsel, who has been in charge of the proceedings from the beginning. And this view of what is the proper practice has received the approval of the Appellate Division in the case of People ex rel. Melledy v. Shea, 73 App. Div. 232, 76 N. Y. Supp. 679. Nothing in the opinion in actual words conveys the point that I would make, except that it shows that an order denying the writ of mandamus was reversed, and the application granted. An examination of the record, however, reveals that the very question involved here was brought squarely before the court on affidavit offered in opposition to the motion, which in substance stated that "the Hon. John Shea is not the commissioner of bridges at the present time, having ceased to hold office on the 31st day of December, 1901. Charles H. Knox, Alexander T. Mason, and William M. Dykeman no longer compose the civil service commission of the city of New York, the said commission having ceased to exist, and their successors having been appointed in accordance with the provisions of the amended charter, which took effect January 1, 1902." Laws 1901, p. 48, c. 466. Still, on the review of the order made at Special Term, with those conditions urged upon the court, the order of the Appellate Division directed "that a peremptory writ of mandamus issue," etc., commanding the "commissioners of bridges of the city of New York to make requisition upon the municipal civil service commissioners of the city of New York," etc., and commanding the municipal civil service commissioners of the city of New York "to certify a commissioner of bridges of the city of New York," etc. So it would seemingly follow that the procedure and practice sanctioned by the decision in the Cunliffe Case has been approved by the Appellate Division in the Melledy Case, and the conclusion in the case at bar must be that the proceeding does not abate by the retirement of Commissioner Lantry from office. On the question raised as to the mulcting of the present commissioner with costs, that is entirely within the discretion of the court on the trial of the alternative writ of mandamus, and it is safe to say that there will not be any unnecessary costs awarded. Now, while it may not be necessary to make the substitution asked for in this application, having disposed of the question of the abatement of the proceeding in favor of the relator, still I find nothing prohibiting such procedure, and believe it to be the better practice. The motion is, therefore, granted, with $10 costs.

Motion granted, with $10 costs.