PEOPLE ex rel. MELLEDY v. SHEA, Bridge Com'r, et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

CIVIL SERVICE COMMISSION—POWERS—DIVISION OF POLITICAL DISTRICTS—SEPARATE LISTS—APPOINTMENTS BY BRIDGE COMMISSIONER.

> Laws 1899, c. 370, § 10, giving the civil service commission power to prescribe rules for the classification of the offices, places, and employments in the classified service; and section 17, providing that "where the labor service of any department or institution extends to separate localities the commission may provide separate registration lists for each district or locality,"—do not give the commission authority to create a district, and then furnish a separate list for it, but it can only provide separate lists for districts or localities already created by law; and hence the commission acted without authority in dividing the borough of the Bronx into four districts, and providing a separate list for each, and appointments made by the bridge commissioner from such lists were void in so far as they conflicted with the rights of one having a preference in appointment.

> O'Brien, J., dissenting.

Appeal from special term, New York county.

Mandamus by the people, on the relation of Thomas H. Melledy, against John L. Shea, as commissioner of bridges of the city of New York, and others. From an order denying the writ, relator appeals. Reversed.

Appeal from an order denying a motion for a peremptory writ of mandamus. The relator applied for a peremptory writ of mandamus directing the defendant John L. Shea, as commissioner of bridges of the city of New York, to make requisition upon the civil service commissioners of such city for the names of persons eligible and on the preferred list of appointments to the position of bridge tender, and requiring such civil service commissioners to certify to the commissioner of bridges the names of honorably discharged veterans of the Union army, and such other persons as were entitled to a preference in the civil service under the laws relating thereto, who were qualified and eligible for the position of bridge tenders, and declaring void certain appointments theretofore made. The court at special term denied the application, and the relator has appealed.

It appears from the moving papers that the relator is a citizen of the United States, and of the state of New York, and that he now resides, and for more than three years last past has resided, in the borough of the Bronx, in said city; that he is an honorably discharged soldier of the Union army, and a veteran of the late Civil War; that, in pursuance of the civil service laws of the state of New York and the civil service regulations of the city of New York, he, long prior to the making of the motion, duly filed an application for the position of bridge tender; that pursuant thereto he was examined, found to be eligible, and his name was placed upon the list

of persons eligible to appointment to such position; that at the time of the filing of his application he also filed the requisite proof to the effect that he was an honorably discharged soldier of the Union army, having served as such in the late Civil War of the United States, and that his name stood first upon the eligible list for the position of bridge tender of persons unemployed in the borough of the Bronx, in said city; that notwithstanding this fact the civil service commission of the city of New York on the 21st of July, 1901, certified to the commissioner of bridges the names of certain other persons, and did not certify the relator's name; that the commissioner of bridges, upon receipt of such list so certified, appointed such persons to positions of bridge tenders upon the City Island bridge, and in August following the said commissioner of bridges, without making any requisition upon the civil service commission, appointed two other persons as bridge tenders on the Willis avenue bridge; that none of the persons thus appointed were veterans of the Union army or navy, and none had ever served in any volunteer fire department of the state; and that at the time of such appointment it was known to such civil service commission and to said bridge commissioner that the relator was a veteran, and entitled by reason thereof to a preference in appointment; and that the persons appointed were not entitled to a preference; and the relator demanded that his name be certified by the civil service commission to the bridge commissioner, and that he be appointed by such commissioner to one of the places thus filled, and that the appointments theretofore made, in so far as they conflict with his rights, be declared void. These facts were not denied by the respondents, but they alleged, in answer to the relator's application, that the civil service commission, acting in pursuance of section 17 of chapter 370 of the Laws of 1899, and certain rules adopted and promulgated in pursuance thereof, had divided the borough of the Bronx into four districts, and the borough of Manhattan into one district, and had determined, on account of the transportation facilities, that there should be four lists of bridge tenders in the former, and one in the latter; that the relator resided in district No. 1 of the borough of the Bronx, and his name was placed upon the list of persons eligible for appointment in that district, and that he was not eligible for appointment in any of the other districts; that the persons certified to the bridge commissioner were for persons to fill places in district No. 3 in the Bronx, and it was for this reason that the relator's name was not certified; and that, as to the persons appointed by the bridge commissioner whose names were not certified by the civil service commission, one of them was transferred from another bridge, and one from the dock department.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Joab H. Banton, for appellant.

Theodore Connoly, for respondents.

McLAUGHLIN, J. We are of the opinion that the application of the relator should have been granted. The facts stated by him in his application as entitling him to a preference, not being denied, clearly entitled him, under the statutes, to a preference in appointment. The constitution of the state, as well as the statutes passed in pursuance thereof, conferred upon him this right. That he was entitled to a preference is conceded, but it is sought to justify the act of the commission in not certifying his name to the commissioner of bridges, and the commissioner of bridges in not appointing him to the position to which he desired to be appointed, by asserting that the civil service commission, acting in pursuance of section 17, c. 370, of the Laws of 1899, and certain rules adopted in pursuance thereof, subdivided the borough of the Bronx into

four districts, and then provided that there should be a separate list for each district, and that an applicant was only eligible to an appointment in the district in which he resided at the time the application was made; that the relator resided in district No. 1; and that the commission had only been asked to certify to the commissioner of bridges the names of applicants eligible to appointment to positions in district No. 3, and, the relator not residing therein, his name was not certified. But the civil service commission had no power to divide the borough of the Bronx into four districts. The statute confers no such power upon them, and there is nothing in it from which such power can be inferred. Indeed, the only provision of the statute to which our attention has been called, from or by virtue of which it is even claimed that such power is given, is that part of section 17 which provides that, "where the labor service of any department or institution extends to separate localities, the commission may provide separate registration lists for each district or locality." But manifestly the "localities" or "district" here referred to is some political subdivision of the state created and existing by legislative act at the time the registration lists are furnished. For a district or locality thus created, and not otherwise, the commission may provide separate registration lists; but it cannot of its own volition, independent of the statute, first create a district, and then furnish a list. Of course, the commission has only such power as the statute specifically confers upon it, or such as can be reasonably inferred for the purpose of enabling it to faithfully and fairly carry out the work committed to it. It is true that section 10 of the act referred to gives to the commission power "to prescribe, amend and enforce rules for the classification of the offices, places and employments in the classified service of such city and for appointments and promotions therein, and examinations therefor, and for the registration and selection of laborers for employment therein and not inconsistent with the constitution and provisions of this act." But this provision, as well as that portion of section 17 before quoted, falls far short of conferring power upon the commission to subdivide existing divisions of the state into districts. It is not difficult to see that if the commission had power to subdivide a given locality into as many districts as it saw fit, and then by rules of its own adoption make an applicant ineligible to appointment to a position except in the district in which he resided at the time the application was made, how the object sought to be accomplished by the statute would be entirely defeated, and the statute, in effect, repealed; and the case before us furnishes a good illustration of it. Here the relator stood first on the list, and, being a veteran, he was entitled to a preference in appointment to the position of bridge tender in the borough of the Bronx. He was not appointed, notwithstanding there were several positions to which he might have been appointed in that borough, because, forsooth, the civil service commission had divided the borough of the Bronx into four districts, and had provided that an applicant could not be appointed to a position unless he resided in the district in which the vacancy existed. The positions to be

filled were in district No. 3, and the relator resided in district No. 1. Therefore he was ineligible to appointment, and his name was not certified to the bridge commissioner; and when it was found that there was a position in district No. 1, to which he might be appointed, the commission was not asked to certify a list of applicants, but the bridge commissioner, acting under rules adopted by the commission, transferred a person theretofore appointed from the borough of Manhattan, which only had one district, to district No. 1 in the borough of the Bronx. We think this was a clear evasion of the intent and spirit of the statute, and that the commission, in dividing the borough of the Bronx into four districts, acted without authority, and that the appointments made by the bridge commissioner from the lists certified by the commission, in so far as they conflict with the rights of the relator, were void.

The order appealed from, therefore, must be reversed, and the application granted, with $50 costs and disbursements. All concur, except O'BRIEN, J., who dissents.