THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY A. LA CHICOTTE, Appellant, *v.* GEORGE E. BEST, as Commissioner of Bridges of the City of New York, Respondent.

1. MANDAMUS — PROCEEDING AGAINST AN OFFICER OF A MUNICIPALITY FOR ENFORCEMENT OF A RIGHT, NOT ABATED BY RESIGNATION OR REMOVAL OF OFFICER. A proceeding against an officer of a municipality for the enforcement of a right of a relator against the municipality does not abate by the resignation, removal or expiration of term of the officer, but may be enforced against his successor or successors.

2. SAME. Where an assistant engineer in the department of bridges in the city of New York, appointed after passing the civil service examinations, who was suspended without pay by the commissioner of bridges, upon the ground that his services were no longer necessary, under section 1543 of the charter of the city of New York (L. 1901, ch. 466), procured an alternative writ of mandamus to compel his reinstatement, which, after a trial of the issues involved, was decided in his favor, and then moved the court for a final order granting a peremptory writ, the hearing of which motion was postponed from time to time for a period of about two months, when the case was orally argued and time given for counsel to submit written briefs, during which time the commissioner of bridges resigned, and thereupon, and before any decision of the motion for a peremptory writ was made, the corporation counsel of the city, upon affidavits showing the resignation of the defendant, moved for an order declaring the proceeding abated, it is reversible error for the Special Term to quash, supersede and set aside the writ upon the ground that the pro-

1

ceeding had abated. The successor of such commissioner should have been substituted and the proceeding continued against him as the defendant therein.

*People ex rel. La Chicotte* v. *Best,* 112 App. Div. 912, reversed.

(Argued November 12, 1906; decided January 8, 1907.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 26, 1906, which affirmed an order of Special Term quashing an alternative writ of mandamus upon questions of law only and not by reason of the exercise of any discretion vested in the court.

The facts, so far as material, are stated in the opinion.

*J. Quintus Cohen* and *Francis G. Caffey* for appellant. Where a mandamus proceeding is instituted against a municipal public officer solely in his official capacity no abatement results from a change in the incumbency of the office during the pendency of the proceeding, and a peremptory writ granted without a change of parties is enforceable against the successor in office of the original defendant. (*People ex rel. Shaut* v. *Champion,* 16 Johns. 61; *People ex rel. Case* v. *Collins,* 19 Wend. 56; *People ex rel. Scott* v. *Supervisors,* 8 N. Y. 317; *People ex rel. Dannat* v. *Comptroller,* 77 N. Y. 45; *People ex rel. Wooster* v. *Maher,* 64 Hun, 408; *People ex rel. Cunliffe* v. *Cram,* 30 Misc. Rep. 561; *People ex rel. Melledy* v. *Shea,* 73 App. Div. 232; *People ex rel. Lazarus* v. *Coleman,* 99 App. Div. 88; *Parks* v. *Hayes,* 11 Colo. 415, 429; *State's Attorney* v. *Selectmen,* 59 Conn. 402, 409.) The proceeding is not against respondent Best personally, but is against him solely in his official capacity as commissioner of bridges seeking to compel performance of an official duty. (*People ex rel. McDonald* v. *Clausen,* 163 N. Y. 523; *People ex rel. Hart* v. *La Grange,* 7 App. Div. 311; *People ex rel. Gildersleeve* v. *Dalton,* 44 App. Div. 556; *Jones* v. *Willcox,* 80 App. Div. 167; *People ex rel. Baird* v. *Nixon,* 158 N. Y. 221; *Supervisors* v. *Birdsall,* 4 Wend. 453; *People ex rel. Heiser* v. *Gilon,* 121 N. Y. 551; *People ex rel.*

*Brockport* v. *Sutphin,* 166 N. Y. 163; *Cummings* v. *Van Schoyck,* 43 N. Y. 514; *Berry* v. *Schaad,* 50 App. Div. 134.)

*John J. Delany,* Corporation Counsel (*Theodore Connoly* and *William B. Crowell* of counsel), for respondent. A mandamus proceeding abates by the death, resignation or termination of office of the defendant where the proceeding is a personal one. (*Secretary* v. *McGarrahan,* 9 Wall. 298; *United States* v. *Boutwell,* 17 Wall. 604; *United States* v. *Chandler,* 122 U. S. 643; *Warner Valley Stock Co.* v. *Smith,* 165 U. S. 28; *United States* v. *Butterworth,* 169 U. S. 600; *Comrs.* v. *Sellen,* 99 U. S. 624; *Thompson* v. *U. S.,* 103 U. S. 480; *Murphy* v. *Utter,* 186 U. S. 95; *W. V. S. Co.* v. *Smith,* 165 U. S. 28; *People ex rel. Taylor* v. *Welde,* 61 App. Div. 580.)

HAIGHT, J. The relator, after passing the civil service examination, had been appointed as principal assistant engineer in the department of bridges in the city of New York, and as such received an annual salary of six thousand dollars. The defendant Best was the commissioner of bridges, and on the second day of December, 1904, he, in writing, notified the relator that his services had been found to be unnecessary and he was, therefore, notified that under the provisions of the Greater New York charter, as amended (§ 1543), he was suspended without pay, such suspension to take effect December 31, 1904, and that his name had been sent to the municipal civil service commission to be placed on the preferred eligible list for reinstatement in the city service. After the relator's suspension had become effective he demanded of the commissioner of bridges that he be reinstated, and, upon the commissioner's refusal, he procured an alternative writ of mandamus to compel such reinstatement. An issue of fact was formed, which was brought to trial before a jury in the following October and resulted in a verdict in his favor. Thereupon the relator caused a notice of motion to be served asking for a final order granting a peremptory writ. Its

hearing was postponed from time to time until December 4, 1905, at which time the case was orally argued before the Special Term, and time was then given counsel to submit written briefs. In the meantime the defendant Best resigned his position as commissioner of bridges, and thereupon, and before any decision of the motion for a peremptory writ was made, the corporation counsel of the city, upon affidavit showing the resignation of the defendant, moved the court for an order declaring the proceeding abated. Upon the hearing of this motion the Special Term found in accordance with the contention of the corporation counsel that the proceeding had abated by the resignation of Commissioner Best, and thereupon the court quashed, superseded and set aside the writ.

In the case of *People ex rel. Broderick* v. *Morton* (156 N. Y. 136), after discussing the question as to whether a mandamus could be issued against the governor of the state, we stated that there was another reason which must control our action in the case, and then called attention to the fact that the governor, lieutenant-governor and speaker, against whom the alternative writ had issued, had gone out of office; that their successors had been installed in office, and that the proceeding had been continued and a peremptory writ issued to the new officials without notice to them and without their having been brought in and made parties to the proceeding. We then referred to the provisions of section 755 of the Code of Civil Procedure, and stated that it may be doubted as to whether this section operates to keep the proceeding alive; but assuming for the purposes of the case that it does, and that the relator still had the right to prosecute his proceeding, it was necessary that the new officers should be given notice and brought into the proceeding so that the peremptory writ could issue to them. It will be observed that the question as to whether the proceeding abated was not determined by us in that case. We have, therefore, given the question further consideration.

Under the common law the writ of mandamus issued in the king's name to inferior courts, officers, corporations or per-

sons, requiring them to do that which was particularly specified. It did not issue to the king himself, to Parliament nor the judiciary, except such inferior courts as the higher courts had the power to review. Under the provisions of the Code of Civil Procedure the writ issues as an order of the court in the cases in which it was authorized at common law and, therefore, it cannot issue to the executive, the legislative or judicial branch of the government, except to such inferior courts as are subject to review by the judicial branch of the government having such jurisdiction. In other words, the mandamus does not issue against the government itself, and for this reason the Supreme Court of the United States has held that the proceeding abates upon the death or resignation of the officer against whom it was issued. (*Secretary* v. *McGarrahan*, 9 Wall. 298; *United States* v. *Boutwell*, 17 Wall. 604; *United States* v. *Chandler*, 122 U. S. 643; *Warner Valley Stock Co.* v. *Smith*, 165 U. S. 28; *United States* v. *Butterworth*, 169 U. S. 600.)

None of the acts under consideration in these cases could be enforced by any action against the government, nor could the relief sought be obtained by a mandamus against either of the three departments of the government. The proceedings, therefore, were instituted against the officer who, by his personal conduct, action or refusal to act, had deprived the party of that to which he deemed himself entitled. The proceeding was, therefore, personal as to the officer proceeded against, and under the decisions in the cases alluded to, it abated by his death, resignation, removal or termination of his office; but in the case of a municipal corporation which could sue and be sued and against which rights of persons could be enforced, the rule was held to be different. As was stated by Mr. Justice BRADLEY in the case of *Thompson* v. *United States* (103 U. S. 480, 483): " We cannot accede to the proposition that proceedings in mandamus abate by the expiration of the term of office of the defendant where, as in this case, there is a continuing duty irrespective of the incumbent and the proceeding is undertaken to enforce an obligation of the

corporation or municipality, to which the office is attached. The contrary has been held by very high authority. (*People ex rel. Shaut* v. *Champion*, 16 Johns. 60 ; *People ex rel. Case* v. *Collins*, 19 Wend. 56 ; High on Extraordinary Remedies, § 38.)  *  *  *  The cases in which it has been held by this court that an abatement takes place by the expiration of the term of office, have been those of officers of the Government whose alleged delinquency was personal and did not involve any charge against the Government whose officers they were."

In High on Extraordinary Remedies (§ 38) it is said : " Where, however, a continuing and perpetual duty is incumbent upon certain public officers the rule is otherwise. And in such case the fact that the officers hold their tenure by annual election, and that their term of office has almost expired, will not prevent the court from interfering, since the duty, being continuing in its nature, may be enforced against the officers generally and their successors. And when proceedings in mandamus are pending against a public officer, at the expiration of his term of office, to compel the performance of an official duty, it is proper to revive the proceedings against his successor in office. Indeed, such practice is regarded as necessary to the administration of justice in view of the changes which are of frequent occurrence in public offices. So when the object of proceedings in mandamus against a county officer is to enforce a right against the county through such officer, the proceedings do not abate by the expiration of the term of office. In such case the action is regarded as being against the office to compel the performance of a duty devolving upon it regardless of the incumbent. And when a peremptory mandamus has been awarded against a public officer for the performance of an official duty, but his term of office has expired and the writ has not been obeyed, the court may grant an alias peremptory writ to his successor in office for the performance of the required act."

In the case of *People ex rel. Scott* v. *Supervisors of Chenango* (8 N. Y. 317, 330) it was contended that the board of supervisors had no power over the subject except that at their annual

meeting, and as they omitted to do their duty then they could not be compelled to do it at another time. With reference to this contention the court said : " Their neglect to perform their duty at the time required cannot nullify the statute. *They, or their successors*, are bound to do what was required, and on failure it may be compelled by mandamus." (See, also, *People ex rel. Dannat* v. *Comptroller of City of N. Y.*, 77 N. Y. 45, 50 ; *People ex rel. Wooster* v. *Maher*, 64 Hun, 408, 410, 413, 417 ; *People ex rel. Cunliffe* v. *Cram*, 30 Misc. Rep. 561; *People ex rel. Melledy* v. *Shea*, 73 App. Div. 232, and *People ex rel. Lazarus* v. *Coleman*, 99 App. Div. 88.) We, consequently, conclude that where a proceeding is against an officer of a municipality for the enforcement of a right of a relator against the municipality, the proceeding does not abate by the resignation, removal or expiration of term of the officer, but that it may be enforced against his successor or successors.

In this case it appears that the relator held a position under the municipal government of the city of New York; that he was suspended from his position by the commissioner of bridges without pay, upon the ground that his services were no longer necessary to the municipality. The relator, however, contended that this was not true and that his services were still needed by the municipality and, therefore, demanded his reinstatement. If his position was correct and the defenses interposed were not established upon the trial, his right to hold the position under the municipality was existing and continuous, and was one which we think he had the right to enforce against the municipality by continuing his proceeding against the successor to the defendant.

As bearing upon the question as to whether a continuance is necessary, it appears that the application for a peremptory writ had been made to the court and argued, but written briefs were to be submitted, and consequently no decision had been rendered. We think that inasmuch as something remained to be done by the parties to the litigation, that briefs were to be prepared and filed and a decision rendered, that the substitution of the successor in office was necessary.

While the Code may not specifically provide the practice for substituting officers of this character, that which is provided by section 1930 of the Code, which is analogous in similar cases, met the approval of this court in the case of *People ex rel. Broderick* v. *Morton* (*supra*).

The order should be reversed and the motion to have the proceedings declared abated denied, with costs in all courts.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order reversed, etc.