THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES G. COLLINS, Appellant, v. JOHN F. AHEARN, as President of the Borough of Manhattan, City of New York, Respondent.

REMOVAL OF HEAD OF BUREAU OF HIGHWAYS UNDER NEW YORK CITY CHARTER. Relator was removed from the position of head of bureau of highways in the borough of Manhattan without opportunity of making an explanation. *Held*, that section 388 of the charter of the city of New York (L. 1901, ch. 466) gave to borough presidents the same power to organize bureaus as was conferred upon the commissioner of highways by section 458 of the preceding charter (L. 1897, ch. 378), and the relator, having been appointed by the borough president to the position held by him, is entitled under section 1543 of the charter of 1901 to an opportunity to make an explanation before he can be removed. (*People ex rel. Michales* v. *Ahearn*, 111 App. Div. 741, overruled.)

*People ex rel. Collins* v. *Ahearn*, 124 App. Div. 939, reversed.

(Argued November 9, 1908; decided November 24, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 20, 1908, which affirmed a final judgment of Special Term sustaining a demurrer to an alternative writ of mandamus and dismissing such writ.

The facts, so far as material, are stated in the opinion.

*Charles F. Brown* and *John W. Browne* for appellant. The president of the borough of Manhattan had on January 1, 1902, power to create a bureau of highways in said borough and to appoint the relator the head of said bureau. (L. 1901,

ch. 466, § 388; L. 1897, ch. 378, § 450; 2 Abb. Mun. Corp. 1473, § 601; *Wilcox* v. *McClellan,* 185 N. Y. 9.) The relator's contention that he was illegally removed by the defendant is sustainable upon the ground that the borough president, having the power to appoint subordinates in his office, could not remove such subordinates unless he complied with the provisions of section 1543 of the charter. (L. 1901, ch. 466, § 1543.)

*Francis K. Pendleton, Corporation Counsel (Theodore Connoly* and *William B. Crowell* of counsel), for respondent. The court at Special Term properly sustained the demurrer and directed the dismissal of the alternative writ of mandamus. (*People ex rel. Michales* v. *Ahearn,* 111 App. Div. 741; *People ex rel. Collins* v. *Ahearn,* 120 App. Div. 95; *People ex rel. Emerick* v. *Fire Comrs.,* 86 N. Y. 149; *People ex rel. Cumming* v. *Koch,* 103 N. Y. 650.)

WILLARD BARTLETT, J. The relator in this proceeding seeks to be reinstated in the position of head of the bureau of highways in the borough of Manhattan on the ground that he was unlawfully removed therefrom by the respondent as president of the borough, without having been allowed an opportunity of making an explanation as prescribed by section 1543 of the Greater New York charter (Laws of 1901, chap. 466). He has been unsuccessful thus far because the courts below have been of the opinion that there was not and is not any such lawfully organized bureau as that of which he claims to have been appointed the head and from which he was removed.

In the alternative writ of mandamus it is alleged that on or about the 1st day of June, 1902, Jacob A. Cantor, then president of the borough of Manhattan in the city of New York, by virtue of his office and the powers and authority conferred upon him by law and by certain specified sections of the charter of the city, duly and lawfully created the bureau of highways in the borough of Manhattan and duly and lawfully designated

and appointed James G. Collins, the relator herein, to be the head of said bureau. The relator's duties as head of such bureau related, among other things, " to superintending, regulating, grading, re-grading, curbing, flagging and guttering of streets, the laying of crosswalks, the construction and repair of public roads, paving, repaving and repairing of streets, and the relaying of all pavements removed for any cause." The alternative writ further alleges in substance that on or about the 1st day of June, 1904, the respondent, John F. Ahearn, as president of the borough of Manhattan, assumed to appoint one George Scannel to the position of head of the bureau of highways in place of the relator; that the relator was ejected from the position and not permitted any longer to perform the duties thereof, and that the removal of the relator thus attempted to be effected was made without ever allowing him an opportunity of making an explanation, as he was entitled to do under the provisions of the charter of the city of New York.

In the case of *People ex rel. Michales* v. *Ahearn* (111 App. Div. 741) the Appellate Division of the Supreme Court in the first department in March, 1906, decided that the president of a borough under the Greater New York charter, as amended in 1901, had no power to create a bureau of sewers; and that whatever power had previously existed in the commissioner of sewers under the charter of 1897 to create separate bureaus could now only be exercised by the board of aldermen as the legislative body of the city. The doctrine of that decision was just as applicable to the establishment of a bureau of highways by a borough president as it was to the establishment of a bureau of sewers; and, therefore, the Special Term and the Appellate Division in the present case sustained the respondent's demurrer to the alternative writ of mandamus on the ground that the attempt of the former borough president, Mr. Cantor, to organize a bureau of highways in the borough of Manhattan was ineffectual.

We are of opinion that this is an erroneous view of the powers of the borough president under the existing charter.

444     People ex rel. Collins v. Ahearn.     [Nov.,

Opinion of the Court, per Willard Bartlett, J.   [Vol. 193.

By chapter 10 of the charter of 1897 provision was made for the establishment of a number of different departments in the city of New York, among which was the department of highways; and by section 458 of that charter it was provided that the commissioner at the head of each of said departments " may organize such bureaus as he shall from time to time deem necessary to the proper discharge of the duties of his department." This provision of law remained in force until the 1st day of January, 1902, when the revised charter of 1901 took effect. Section 388 of the revised charter provided, among other things, as follows: " All powers and duties which on the 1st day of January, 1902, are conferred upon the commissioner of highways of the city of New York * * * in any way relating to the regulating, grading, regrading, curbing, flagging, and guttering of streets, the laying of crosswalks, the constructing and repairment of public roads, paving, repaving and repairing of all streets, and the relaying of all pavements removed for any cause, the filling of sunken lots, and all matters directly related thereto, are hereby vested in the City of New York, as constituted by this act, and as matter of administration devolved upon the president of the borough within which is situated the territory to which or to the official representatives of which said powers and duties heretofore appertained, and by him are to be executed pursuant to the provisions, directions and limitations of this act." (Laws of 1901, chap. 466.)

Here we have vested in the city of New York all the powers and duties in respect to the regulation, construction and repair of highways which had been conferred upon the commissioner of highways under the original charter. The section, however, does not stop with the declaration that such powers and duties are vested in the city; it proceeds to devolve them as matter of administration upon the president of the borough. We think that it was the clear intent of the legislature, as manifested in this provision, to give to the borough presidents, so far as the regulation, construction and repair of highways are concerned, precisely the same

authority to organize bureaus as was possessed by the commissioner of highways under section 458 of the charter of 1897. That power was unquestionably administrative in its character, and is, therefore, plainly comprehended within the phrase "as matter of administration." If the legislature could vest the power to establish bureaus in the commissioner of highways by the charter of 1897, it could vest it in the borough presidents by the revision of 1901. There is no reason to suppose that what was regarded as an administrative power in the enactment of the first charter was regarded as exclusively a legislative power when the charter came to be revised. The power clearly belongs to that class which "can be delegated to the administrative officers of a municipality for exercise within the municipality," of which many notable examples were given by the chief judge of this court in *Village of Saratoga Springs* v. *Saratoga Gas, etc., Co.* (191 N. Y. 123).

These views lead to the conclusion that President Cantor was authorized by law to organize such a bureau as is described in the alternative writ of mandamus herein. The relator having been appointed to be the head thereof was entitled to the protection afforded him by section 1543 of the existing charter of the city of New York, which provides that "no regular clerk or head of a bureau, or person holding a position in the classified municipal civil service subject to competitive examination, shall be removed until he has been allowed an opportunity of making an explanation." The alternative writ contains sufficient averments as to the appointment of the relator and his removal in violation of this provision. The order of the Appellate Division affirming the final judgment sustaining the demurrer to the writ should, therefore, be reversed as well as the final judgment itself, and judgment should be directed overruling the demurrer, with costs to the appellant in all courts, with leave to the respondent to file a return within twenty days upon payment of costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN and HISCOCK, JJ., concur; CHASE, J., dissents.

Order reversed, etc.