PEOPLE ex rel. COLLINS v. AHEARN, Borough President, et al.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

1. APPEAL AND ERROR (§ 1195*)—DISPOSITION—PROCEEDINGS ON REMAND—LAW OF CASE.

The decision of the Court of Appeals upon a question of law is the law of the case upon remand to the Appellate Division.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 159\*)—DEPARTMENTS OF CITY GOVERNMENT—
REMOVAL OF HEAD OF BUREAU—CIVIL SERVICE REGULATIONS.

     Under Greater New York Charter (Laws 1901, p. 636, c. 466) § 1543, the superintendent of the bureau of highways of a borough could not be removed without charges preferred and an opportunity to explain them, though he had in fact committed acts justifying his removal prior thereto, and, in mandamus to compel his reinstatement, alleged wrongful acts prior to his removal were irrelevant as a defense.

     [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 353, 354; Dec. Dig. § 159.\*]

     Scott and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.

Mandamus by the People, on relation of James G. Collins, against John F. Ahearn, as President of the Borough of Manhattan, City of New York, and another. From an order denying a motion to strike a part of the answer of one of respondents, relator appeals. Reversed, and motion granted.

See, also, 124 App. Div. 939, 109 N. Y. Supp. 1141.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles F. Brown, for appellant.

George Gordon Battle, for respondents.

McLAUGHLIN, J. The relator formerly held the position of superintendent of the bureau of highways in the borough of Manhattan, city of New York, from which he was, on the 1st of January, 1904, removed, and the respondent Scannell appointed in his place, and this proceeding is for the purpose of his reinstatement. Scannell has been permitted to intervene, and has interposed an answer to the alternative writ of mandamus, in which he alleges that the relator was guilty of certain acts of misconduct committed prior to his removal. The relator moved to strike out these allegations of the answer or return as irrelevant and scandalous. The motion was denied, and he has appealed.

The Court of Appeals in this case held, on a demurrer to the writ, that the relator, having been appointed to the position by the borough president, could not be removed under section 1543 of the city charter (Laws 1901, p. 636, c. 466), except upon charges and after being afforded an opportunity to make an explanation. People ex rel. Collins v. Ahearn, 193 N. Y. 441, 86 N. E. 474. This is the law of the case, and therefore whether he had, prior to his removal, committed the acts alleged and sought to be stricken out of the answer, is wholly irrelevant, because if it be assumed that he had done so it did not justify the removal until charges had been preferred and he had been afforded an opportunity to make an explanation. To hold otherwise would permit the statute to be violated; in other words, a person could be removed without charges or being given an opportunity to make an explanation, and then, when he sought to be reinstated, such proceeding could be defeated by showing that charges might have been preferred prior to his removal. The statute cannot be evaded in this way.

The matters sought to be stricken out in paragraph 8, and the whole of paragraphs 13, 14, 15, and 16, of the answer of the respondent Scannell, are irrelevant to the issues to be tried.

It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

INGRAHAM and LAUGHLIN, JJ., concur.

SCOTT, J. I dissent. All that was determined in this case by the Court of Appeals was that the relator was the head of a bureau within the purview of section 1543 of the New York City charter (Laws 1901, p. 636, c. 466). It followed that he could not be lawfully removed until he had been afforded, as he was not, an opportunity to make an explanation before his attempted removal by the borough president. Under ordinary circumstances, therefore, he would be entitled to reinstatement as a matter of course. The writ of mandamus, however, is not a writ of strict right, and may be refused in the exercise of judicial discretion when its issuance will work a public mischief, even though, by the strict letter of the law, the relator is entitled to the relief he asks. "The relator must come into court with clean hands." People ex rel. Wood v. Assessors, etc., 137 N. Y. 201, 33 N. E. 145. The object of the writ now sought is to reinstate the relator into a public office of importance and responsibility. The allegations sought to be stricken out of the answer, if true, show him to be wholly unfit to hold an office, and would render it the positive duty of the borough president to instantly remove him after his reinstatement had taken effect. Assuming that the borough president would do his duty in this regard, the relator would take nothing by his writ except the right to sue some one for the salary which he would have earned if he had not been removed. It is not the duty of the court to issue an idle writ to lay the foundation for such an action. If before his attempted removal, or since, the relator had been convicted of an infamous crime, no court would consider the issuance of a writ to reinstate him. The offenses charged by the answer differ from this case only in degree. In my opinion, the allegations of the answer should be allowed to remain in, and, if they are sustained, that this court should not lend its official sanction to the reimposition upon the public service of a person proven to be unfit to serve it, as relator clearly would be if the allegations now sought to be stricken out are true.

CLARKE, J., concurs in the dissent.