PEOPLE ex rel. COLLINS v. AHEARN, President, et al.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. MANDAMUS (§ 153*)—OFFICERS—REMOVAL PENDING PROCEEDINGS.

    Where, pending a proceeding against A. as president of the borough of Manhattan to compel him to reinstate relator as superintendent of highways, A. was removed from office, it was necessary to substitute his successor as a party before continuing the proceeding, and, where no successor was elected or appointed, proceedings had after his removal were a nullity, although counsel for the city appeared and contested the case, since the city has no authority to appoint the superintendent of highways, and the proceeding had no effect as against the city; it not being a party thereto.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 294; Dec. Dig. § 153.*]

2. APPEAL AND ERROR (§ 113*)—DECISIONS REVIEWABLE—FINAL ORDER.

    Where, pending proceedings against A. as president of the borough of Manhattan to compel him to reinstate relator as superintendent of highways, A. was removed from office, and his successor was not substituted as a party, an order denying a motion of the city to vacate proceedings had after A.'s removal was not appealable.

    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 113.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of James G. Collins, against John F. Ahearn and another to compel Ahearn, as President of the borough of Manhattan, to reinstate relator as superintendent of highways. From an order denying a motion by the city to vacate proceedings, made on the ground that Ahearn had been ousted from office and there was a vacancy therein, the city of New York and John Cloughen, as commissioner of public works, appeal. Dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

See, also, 121 N. Y. Supp. 970; 120 N. Y. Supp. 980; 133 App. Div. 894, 118 N. Y. Supp. 1133; 134 App. Div. 953, 118 N. Y. Supp. 1102.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Theodore Connoly (Louis H. Hahle, on the brief), for appellants.

Herbert C. Smyth (John W. Browne and Charles Sanders, on the brief), for respondent.

LAUGHLIN, J. On the 1st day of January, 1902, the borough president appointed the relator superintendent of highways. The relator duly qualified and entered upon the discharge of the duties of the office on the 1st day of January, 1902, and continued to hold the office and discharge the duties thereof until the 4th day of January, 1904, when he was removed by John F. Ahearn, who was then president of the borough of Manhattan.

This proceeding was instituted to compel his reinstatement by Ahearn, who was then the president of the borough, and from the verdict rendered on the alternative writ it is evident that it is also sought herein to establish his right to the salary of the office during the intervening time, but neither the petition nor the alternative writ is in the record. Scannell, who was appointed by Ahearn to succeed the relator, was subsequently joined as a party on his own motion. Issue was joined on an alternative writ of mandamus and brought to trial and tried in Trial Term, Part XII, on the 10th day of December, 1909, before the court and a jury. Eight questions were submitted to and answered by the jury, and the verdict of the jury, as certified by the clerk, contains after the eighth question and answer the following:

"(9) If you answer the above findings in the affirmative, then I direct that you find that the amount unpaid to the relator, James G. Collins, for salary from the 1st day of January, 1904, to date, is twenty-nine thousand seven hundred and seven dollars and seventy-eight cents ($29,707.78), and that the interest thereon amounts to six thousand five hundred and eighty-seven dollars and forty-four cents ($6,587.44), making a total of thirty-six thousand two hundred and ninety-six dollars and twenty-two cents ($36,296.22)."

It appears by the moving papers, and is uncontroverted, that on the 9th day of December, 1909, this cause appeared upon the calendar of the Trial Term, Part II, and was postponed until the day following, and that on the 10th day of the same month, when the calendar was called, the relator answered "ready," but the assistant corporation counsel and counsel for Scannell attempted to make a statement to the court with respect to the condition of the cause, which the court declined to hear, but permitted them to file an affidavit, and, pursuant to such leave, each of them filed an affidavit, and thereupon withdrew and the cause was sent to Part XII for trial, where an inquest was taken. The affidavit of the assistant corporation counsel so filed showed that on the preceding day, the 9th day of December, 1909, final judgment was entered in an action wherein the people of the state were plaintiffs and said Ahearn was defendant, ousting the defendant from the office of president of the borough, and that no one was holding said

office on the 10th day of December, 1909, and that in the circumstances it was "unsafe and impossible for the city of New York to proceed with a trial of this action in view of the fact that the defendant Ahearn is no longer president of the borough of Manhattan."

The affidavit filed by counsel for Scannell presented another objection to the cause proceeding to trial, the sufficiency of which is not presented for decision by the appeal. The motion was brought on by an order to show cause made on the 16th day of December, 1909, returnable on the 17th day of December, 1909, and the principal moving affidavit was verified on the 16th day of December, 1909. It appears by a separate appeal, argued and to be decided herewith, that the relator had procured an order to show cause on the 15th day of December, 1909, returnable on the 17th day of December, 1909, requiring the city and John Cloughen, commissioner of public works, stated also to be "acting borough president of the city of New York," to show cause why they should not be made parties defendant to this proceeding, and why it should not be continued against them without prejudice to the proceedings theretofore had. It is to be inferred that the city's motion was induced by that application. The two motions were heard at the same time and the relator's motion was granted, which doubtless accounts for the appeal being taken by Cloughen as well as by the city.

The order denying the motion made by the city to vacate the proceedings on the inquest, including the verdict, was properly denied, but upon the grounds that the proceeding was suspended by the removal of Ahearn, and that the city was not a proper party thereto, and not upon the merits with respect to the right of the relator to take the inquest. It is evident in view of the fact that the other motion was granted that this motion was denied upon the merits, which we think was erroneous. The proceeding was instituted upon the theory that the power to appoint and remove the superintendent of highways was vested in the president of the borough, which was without doubt correct. See sections 383, 388, 1543, Greater New York Charter (Laws 1901, c. 466); People ex rel. Collins v. Ahearn, 193 N. Y. 441, 86 N. E. 474. The final order in the proceeding could compel action only by the president of the borough. On the removal of the president of the borough, there was a vacancy in that office. Public Officers Law (Consol. Laws, c. 47) § 30, subds. 3, 6. In the event of a vacancy, section 382 of the Greater New York charter prescribed that it should be filled for the unexpired term by an election by a majority vote of all the members of the board of aldermen then in office representing the borough at a session called therefor by the mayor. No successor to Ahearn had been elected on the 10th day of December, 1909, when the proceedings which the city seeks to vacate were had. It is manifest that, after Ahearn was ousted from the office by final judgment, he could no longer perform the duties of the office, and could not be compelled to reinstate the relator. It was therefore in our opinion necessary to substitute his successor in office as a party before any further step could be taken in the proceeding without the consent of the latter. People ex rel. La Chicotte v. Best, 187 N. Y. 1, 7, 79 N. E. 890, 116 Am. St. Rep. 586. It seems quite clear that, unless the final order

could be enforced without a substitution of parties, it became necessary before proceeding with the inquest to bring in the party who was to be required to comply with the writ, if granted. The learned counsel for the relator contends that the proceedings on the inquest were regular, because notwithstanding the removal of Ahearn the corporation counsel represented the city. The authority to appoint and remove the superintendent of highways was not vested in the city. The corporation counsel appeared in this proceeding pursuant to his duty to advise the president of the borough, and to represent him in a proceeding brought against him. Greater New York Charter, § 255. He did not appear in it for the city, but for the borough president, who alone was proceeded against. The inquest had no effect as against the city, and the city, not being a party, had no standing to vacate it. The learned counsel for the relator contends that the proceeding was properly continued against Ahearn, notwithstanding his removal from office. He cites in support of this contention, among other decisions, the cases of Dougherty v. King, 41 App. Div. 1, 58 N. Y. Supp. 67, and Hegewisch v. Silver, 140 N. Y. 414, 35 N. E. 658, which hold that an action of proceeding by or against a receiver may be continued in his name, notwithstanding the fact that there has been a substitution of receivers. Those cases, however, are based upon the express provisions of section 756 of the Code of Civil Procedure, which are to the effect that, in case of a transfer of interest or devolution of liability, an action may be continued against the original parties unless the court directs the person to whom the interest is transferred or upon whom the liability has devolved, to be substituted or joined in the action. It is unnecessary to decide whether that section would apply to a special proceeding, for it is evident that the case at bar would not fall within its terms in any event.

Counsel also cites and relies on cases holding that a mandamus proceeding against a board or body, although in form against the individual members thereof, is in reality against the board or body and that it continues notwithstanding changes therein, and that in such case the names of the individuals do not become important until it becomes necessary to enforce the order of the court by attachment proceedings. Louisville v. Kean, 18 B. Mon. (Ky.) 9; People ex rel. Lazarus v. Coleman, 99 App. Div. 88, 91 N. Y. Supp. 432; People ex rel. Shant v. Champion, 16 Johns. 61; People ex rel. Wooster v. Maher, 64 Hun, 408, 19 N. Y. Supp. 758; People ex rel. Cunliffe v. Cram, 30 Misc. Rep. 561, 63 N. Y. Supp. 1027. The case at bar, however, is distinguishable from one against a continuous board or body. In the latter case the officials in office may take charge of the defense of a proceeding against their predecessors without a substitution, and so doubtless here, if there had been a successor to Ahearn, he might, without a formal substitution, conduct the defense of this proceeding and the decision would then be binding upon him. The case as presented, however, is a proceeding against a single official, not a board or body, and where there was no successor. The question as to whether the proceeding abated against Ahearn upon his removal from office and whether personal liability on his part, if any, terminated ipso facto

thereby, is not presented for adjudication and no opinion is expressed thereon.

We are of opinion that the proceedings had after the removal of Ahearn were a nullity, but they could not possibly prejudice the city. No effect is given to the verdict until it is sought to use it on a motion at Special Term for a final order. Such a motion could not be heard until Ahearn's successor was substituted in the proceeding.

It follows, not only that the motion was properly denied, but that the order was not appealable, since the proceeding had not been revived against Ahearn's successor.

The appeal should therefore be dismissed, with $10 costs and disbursements. All concur.