PEOPLE ex rel. COLLINS v. AHEARN et al.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. PARTIES (§ 59*)—NEW PARTIES—SUBSTITUTION.
   Under Greater New York Charter (Laws 1901, c. 466), §§ 383, 388, 1543. the power to appoint or remove the superintendent of highways is vested in the president of the borough, and where, pending a proceeding against A. as president of the borough of Manhattan to compel him to reinstate relator as superintendent of highways, A. was removed from office, the city cannot be substituted as a party, although a question of relator's right to salary may be involved in the proceeding, since this is only incidental to the main relief sought.
   [Ed. Note.—For other cases, see Parties, Dec. Dig. § 59.*]

2. PARTIES (§ 59*)—NEW PARTIES—SUBSTITUTION.
   The power to appoint and remove the superintendent of highways is by Greater New York Charter (Laws 1901, c. 466) §§ 383, 388, 1543, vested in the president of the borough, and section 383, giving the commissioner of public works authority to discharge all the administrative powers of the president of the borough relating to streets, sewers, public buildings, and supplies, conferred upon him, and authority, in the absence or illness of the borough president, to discharge all his duties, does not empower the commissioner of public works on the removal of the president of the borough from office to appoint or remove the superintendent of highways, and hence on the removal from office of the president of the borough, pending a proceeding to compel him to reinstate relator as superintendent of highways, the commissioner of public works could not properly be substituted as a party to that proceeding.
   [Ed. Note.—For other cases, see Parties, Dec. Dig. § 59.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of John G. Collins, against John F. Ahearn and another, to compel Ahearn, as president of the borough of Manhattan, to reinstate relator as superintendent of highways. From an order granting relator's motion to join the city of New York and John Cloughen, commissioner of public works, as parties, the city appeals. Reversed.

See, also, 120 N. Y. Supp. 980; 133 App. Div. 894, 118 N. Y. Supp. 1133; 134 App. Div. 953, 118 N. Y. Supp. 1102.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Theodore Connoly (Louis H. Hahlo, on the brief), for appellant.

Herbert G. Smyth (John W. Browne and Charles Sanders, on the brief), for respondent.

LAUGHLIN, J.   The nature of this proceeding is stated in the other appeal herein by the city and by Cloughen, argued and decided herewith.   121 N. Y. Supp. 966.   The views expressed in the opinion on the other appeal are applicable in part here, and need not be restated.   The theory of the learned counsel for the relator is that, although the proceeding is instituted against the borough president by name and in the title of his office, yet that in effect it is a proceeding against the municipality, and that, if not, Cloughen is Ahearn's successor or the duties of the office devolve upon him or he has assumed to discharge them, and that he may be substituted and compelled to reinstate the relator.   The power to appoint and remove the superintendent of highways is vested, not in the city, but in the president of the borough.   Sections 383, 388, 1543, Greater New York Charter (Laws 1901, c. 466).   See, also, People ex rel. Collins v. Ahearn, 193 N. Y. 441, 86 N. E. 474.   The city, therefore, cannot be substituted for the president of the borough, and compelled, through its mayor or board of aldermen or other official or officials, to perform duties which the Legislature has devolved only on the president of the borough.   Consequently the city is not a proper party to the proceeding, nor can it be joined on any theory that, while it may not be a proper party to the proceeding to reinstate the relator, it is a proper party in so far as it is sought to have his right to recover salary adjudicated herein.   If there be any right to adjudicate with respect to the salary in this proceeding—a question upon which we now express no opinion—it is incidental to the main relief sought and can only be binding upon the city, if at all, by reason of the fact that it is an adjudication duly made against an officer of the city in his official capacity, but that it cannot become by proceedings had during a vacancy in the office.

It is contended that the power to appoint a superintendent of highways is administrative, and may be exercised by the commissioner of public works, since by virtue of the provisions of section 383 of the Greater New York charter the commissioner of public works is given authority to discharge "all the administrative powers of the president of the borough relating to streets, sewers, public buildings and supplies conferred upon him by this act," and is thereby given further authority in the absence or illness of the president of the borough to discharge all of the duties of the president.   The authority conferred upon the commissioner of public works by virtue of the provisions of the section last quoted does not embrace the appointive power to fill a vacancy in the office of superintendent of highways.   The position of superintendent of highways was evidently created by the borough president by virtue of the provisions of section 388 of the Greater New York charter.   People ex rel. Collins v. Ahearn, supra.   The authority to fill the office thus created was conferred upon the borough president by section 383 of the Greater New York char-

ter. The administrative powers which are vested in the commissioner of public works concurrently with the borough president relate to making the local improvements. That provision of the charter should not be construed as giving the commissioner of public works authority to make appointments to office. The commissioner of public works is given no greater power in a case of a vacancy in the office of borough president than when that office is filled. It cannot be that it was intended that either the president of the borough or the commissioner of public works might appoint a superintendent of highways, for, in that event, the appointment first made would be valid, and there might be an unseemly strife between the borough president and his appointee, the commissioner of public works, over the exercise of such right of appointment and the public might suffer by appointments made without due deliberation. The provisions of the act do not require the construction for which the respondent contends, and it should not be given. There is no theory upon which the commissioner of public works should be made a party to the proceedings unless he has authority to appoint and remove the superintendent of highways, so that he may be compelled, in the event that the relator shall be finally successful, to reinstate him. We are of opinion that the Legislature has not conferred such authority upon the commissioner of public works. It is therefore of no importance that he has assumed to act as borough president during the vacancy in that office.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.