PEOPLE ex rel. COLLINS v. AHEARN et al.

SAME v. McANENY.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. MANDAMUS (§ 153*)—DEFENDANTS—SUBSTITUTION.

In a mandamus proceeding against a borough president to compel reinstatement of an officer, the president's successor was properly substituted as defendant.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 294; Dec. Dig. § 153.*]

2. MANDAMUS (§ 8*)—CONSOLIDATION—PROPRIETY.

A mandamus proceeding against a borough president to compel reinstatement of relator as an officer and another proceeding against such president's successor to compel relator's reinstatement to the same office were improperly consolidated; they being based on different facts.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 6; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Consolidated proceedings by the People of the State of New York, on the relation of James G. Collins, against John F. Ahearn, president of the borough of Manhattan, city of New York, and another, and against George McAneny, president of the same borough. From certain orders, defendants George F. Scannell and George McAneny appeal. Modified and affirmed.

See, also, 137 App. Div. 260, 121 N. Y. Supp. 966; 137 App. Div. 265, 121 N. Y. Supp. 970; 138 App. Div. 906, 123 N. Y. Supp. 1135.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Terence Farley (Louis H. Hahle, on the brief), for appellant McAneny.

George Gordon Battle (Roger B. Wood, on the brief), for appellant Scannell.

Herbert C. Smyth (John W. Browne and Frederic C. Scofield, on the brief), for respondent Collins.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

130 N.Y.S.—32

LAUGHLIN, J.   The first proceeding is against Ahearn, as president of the borough of Manhattan, for the reinstatement of the relator to the position of head of the bureau of highways, and the appellant Scannell, who was appointed in his place, was joined as a respondent.   Pending the proceeding, Ahearn was removed from office and the proceeding abated.   People ex rel. Collins v. Ahearn, No. 1, 137 App. Div. 260–265, 121 N. Y. Supp. 966, 970.   On the 21st day of December, 1909, the relator obtained an order continuing the proceeding against one Cloughen, Ahearn's successor in office, and thereafter obtained a peremptory writ of mandamus based on proceedings had after the removal of Ahearn, and before the proceeding was continued against his successor, for the restoration of the relator and for the payment of his salary.   The appellant McAneny succeeded Cloughen as borough president on January 1, 1910, and as such official made a return to said peremptory writ of mandamus which had been served on him, although he had not been substituted as a party to the proceeding.   On the 9th day of December, 1910, the relator instituted the second proceeding, which is against McAneny as borough president, for his reinstatement as superintendent or head of the bureau of highways, based however, not upon his removal by Ahearn, but upon the theory that he lawfully held the office at the time McAneny became borough president, and that it was the latter's duty to obey said peremptory writ of mandamus, that he was unlawfully removed and ejected from his office by McAneny on the 22d day of April, 1910, without charges, or an opportunity to explain any charges against him, and also that on or about the 14th day of February, 1910, McAneny as borough president, assumed without authority and in bad faith to abolish the office held by the relator.   On the appeal in the proceeding instituted against Ahearn this court held that the proceedings therein subsequent to the removal of Ahearn were a nullity (People ex rel. Collins v. Ahearn, supra); and thereafter and on the 13th day of March, 1911, an order was duly made by the Special Term vacating and setting aside the final order in said proceeding which had been made subsequent to the removal of Ahearn.

[1] We are of opinion that the court properly granted the order substituting McAneny as borough president in the proceeding originally instituted against Ahearn as borough president, and directing that the proceeding be continued against McAneny in his capacity as such borough president.   People ex rel. La Chicotte v. Best, 187 N. Y. 1, 79 N. E. 890, 116 Am. St. Rep. 586.

[2] We think, however, that the consolidation of the two proceedings was not authorized.   There appears to be no express statutory authority for consolidating special proceedings.   It is difficult to conceive a case in which it would be practical to consolidate special proceedings.   It is manifest that there would be no necessity for consolidating two proceedings instituted by the same party against the same party or parties on the same facts and for identically the same relief.   In such case one of the proceedings would be entirely unnecessary and might be discontinued; and, if two or more proceed-

ings are instituted by and against the same parties on different facts and for different relief, there would seem to be no propriety in consolidating them. The theory of the provisions of section 817 of the Code of Civil Procedure with respect to the consolidation of actions is not that it is deemed necessary to make provision for the consolidation of two or more actions based on the same cause of action, but for two or more actions by the same plaintiff against the same defendant or defendants on different causes of action. Miller v. Baillard, 124 App. Div. 555, 108 N. Y. Supp. 793; Mayor v. Coffin, 90 N. Y. 312, 313. The statutory authority to consolidate actions was given primarily for the benefit of the defendant, and not for the benefit of the plaintiff, who might have originally joined his causes of action in one. Without expressing a decided opinion with respect to whether or not the court may have implied authority to consolidate special proceedings or as to whether or not a state of facts or circumstances may arise which would warrant that course, we are decidedly of opinion that there was no authority for the consolidation of these proceedings, which are based on different facts and are against different respondents in part at least.

It follows that the order should be modified by striking out the provision thereof granting the motion for the consolidation of the proceedings and inserting in lieu thereof a provision denying such motion, and, as thus modified, affirmed, with costs, for, although the appeal was from the entire order, this was the only point presented for decision. All concur.