In the Matter of EAST SIDE STUDIOS, INC., Petitioner, against PAUL L. Ross et al., Constituting the Temporary City Housing Rent Commission, et al., Respondents.

Supreme Court, Special Term, New York County, April 5, 1948.

*I. Slater* for petitioner.

*John P. McGrath, Corporation Counsel* (*Morris W. Weiner* and *James Hurley* of counsel), and *Joseph Jay* for respondents.

EDER, J. Motion is denied, and petition is dismissed. The petitioner has joined and united in one petition and proceeding two separate and independent proceedings against separate administrative bodies, each for different relief. The application is under article 78 of the Civil Practice Act, (1) to direct the respondents Gilroy and Benline, the former as commissioner' of housing and buildings, and the latter as borough superintendent for the borough of Manhattan of the department of housing and buildings, to receive and accept for consideration and technical approval only, plans and specifications for the alteration, remodeling and demolition of the property mentioned in the application and prohibiting the said respondents from severally making any findings or determinations respecting the acceptability of said plans and specifications, pursuant to Local Law No. 66 of 1947 of the City of New York (Administrative Code of City of New York, § U41-7.0, subd. f, pars. [1], [2] thereof). (2) In addition, the petitioner seeks an order prohibiting the respondent Ross and the temporary city housing rent commission from participating in any determination or approval respecting said plans and specifications, and from requiring the filing by the

petitioner of any application for a certification of eviction, and prohibiting the respondent Ross and said commission from taking any steps or measures interfering with any summary proceeding instituted by petitioner to recover its property and prohibiting the said respondent Ross and the said commission from requiring petitioner to obtain a certificate of eviction from said commission at any time respecting the premises mentioned in the application.

The petition and brief are rather confusing, and, at times, unintelligible, but one finally gathers therefrom that petitioner contemplates making divers alterations to the building and remodeling the same and that this contemplated action of petitioner will be seriously interfered with, if not rendered impractical and impossible, if petitioner is required to comply with Local Law No. 66 of 1947, and the application is predicated on the claim that said local law is unconstitutional, and that the instant case presents problems of constitutional law which were not before the Appellate Division in *Matter of Molnar* v. *Curtin* (273 App. Div. 322, affd. 297 N. Y. 967).

Neither the petition nor the brief make manifest any feature justifying this broad assertion. This is an unusual application. It is instituted under article 78 of the Civil Practice Act, entitled "Proceedings Against a Body or Officer," and the function thereof is to provide a remedy to review the "determination" of such body or officer.

It appears from the return made by the respondents that no proceeding is pending before the commission, the commissioner of housing and buildings or before the borough superintendent of the department of housing and buildings; that no application has been filed by petitioner with the temporary city housing rent commission for a certificate of eviction based upon contemplated improvements set forth in the petition herein; that petitioner has not filed any application or plan for a permit to improve, demolish, construct or alter the building in any respect; that there is nothing before the borough superintendent to show that the contemplated improvements outlined in the petition are to be undertaken by petitioner.

Thus it appears that there is nothing before the respondents upon which a determination has been made. In substance the petitioner is seeking theoretical relief.

Article 78 recognizes that relief may be obtained in three instances: (1) to compel the performance of a duty specifically enjoined by law, or (2) to review a determination made by a public officer or body, or (3) to prohibit a public officer or body

exercising a quasi-judicial function from acting in excess of authority conferred by law.

None of the foregoing situations is present in the instant proceeding. Thus, at the present stage of this proceeding, the question presented, or rather sought to be presented, is academic, and necessitates the denial of the motion and the dismissal of the proceeding.

But there is a further reason requiring this disposition. As I have mentioned, the petitioner has joined and united in one petition, two separate and independent administrative bodies which may not be done. An analogous situation is presented in *Matter of Hafter* (*Eagle Fish Co.*) (79 N. Y. S. 2d 782, affd. 270 App. Div. 995, affd. 296 N. Y. 808). It involved the right of the petitioner to join and unite in one petition for inspection of corporate books and records, two separate and independent corporations. The petitioner claimed he could do so because the stockholders, officers and directors were the same in both corporations. It was held this was not permissible and a motion to dismiss was sustained. COHALAN, J., said: '' This is a motion by the respondents to dismiss upon the ground that the petitioner has improperly joined and united in one petition and proceeding two separate and independent proceedings against separate corporations. This may not be done (*People ex rel. Collins* v. *Ahearn,* 146 App. Div. 135). It does not appear that any order of consolidation was obtained. Respondents' motion to dismiss granted.''

For the foregoing reasons, the motion is denied and the petition is dismissed. Settle order.